566 So.2d 361 (1990)
T AND T AIR CHARTER, INC., Appellant,
v.
DUNCAN AIRCRAFT SALES, et al., Appellees.
No. 89-1432.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
Andrew A. Ostrow of Foley & Lardner, West Palm Beach, for appellant.
Jerome L. Tepps and Susan R. Brown of Jerome L. Tepps, P.A., Fort Lauderdale, and Henry Volpe, P.A., Miami, for appellees.
GARRETT, Judge.
Appellant seeks review of the trial court's order for the issuance of a writ of replevin.
Appellant listed its airplane with a broker for sale. Appellee contracted to buy the airplane and both parties engaged agents to handle the closing. Appellee's agent sent what it considered to be the *362 purchase price to appellant's agent and in return got the bill of sale. However, appellant considered the payment less than the contract price. After appellant refused to release the airplane, appellee filed a complaint seeking replevin and an injunction. The trial judge enjoined any transfer of the airplane and set a $2,000 injunction bond. At the hearing on the order to show cause, the trial judge ordered the issuance of a writ of replevin without setting a replevin bond.
The parties agree that the sale of an aircraft is subject to the provisions of Article 2 of the Uniform Commercial Code. Section 672.716(3) reads:
The buyer has a right of replevin for goods identified to the contract if after reasonable effort he is unable to effect cover for such goods or the circumstances reasonably indicate that such effort will be unavailing or if the goods have been shipped under reservations and satisfaction of the security interest in them has been made or tendered.
Appellee did not establish that it had made reasonable efforts to "cover" the airplane (purchase a substitute) or that such efforts would have been to no avail. Because appellee did not have the right to seek replevin of the airplane, the trial judge erroneously ordered the issuance of the writ of replevin.
Although a moot issue, we write to address whether appellee should have been required to post a replevin bond. Section 78.065, Florida Statutes (1989), did not require appellee as the party seeking replevin to post a bond. A bond is only required when the defendant in the replevin action wants to stay the order to issue a writ of replevin pending final adjudication. § 78.067(2), Fla. Stat. (1989).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HERSEY, C.J., and DOWNEY, J., concur.