PER CURIAM.
Fort Lauderdale Collection, Inc. (FLCI), a car seller, appeals a non-final order allowing it to replevy a Porsche car from appellees Posimatas and Debra Rosamelia, conditioned on appellant’s posting a $45,000 bond. We reverse.
The litigation arose from a dispute over how much the appellees owed on the Porsche following appellant’s alleged mistake in the contract figures. Appellant claimed it inadvertently wrote in a $36,000 trade allowance, when the agreed amount for appellees’ two trade-in vehicles was to be $26,000. Unable to resolve the dispute, appellant filed suit and sought replevin of the Porsche pursuant to section 78.067(2), Florida Statutes (1995). The statute provides that following a hearing, if the court determines the plaintiff is entitled to take possession of the property involved, it shall issue an order directing the clerk of the court to issue a writ of replevin. The order shall be stayed pending final adjudication of the claims of the parties, however, “if the defendant files with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property.” (Emphasis supplied.) There is no provision under this section requiring the plaintiff to initially file any bond if it establishes preliminarily a right to possession of the property. T & T Air Charter, Inc. v. Duncan Aircraft Sales, 566 So.2d 361 (Fla. 4th DCA 1990), supports FLCI’s position it was error for the trial court to require it to post any bond. See also Morse Operations, Inc. v. Superior Rent-A-Car, Inc., 593 So.2d 1079 (Fla. 5th DCA 1992).
Appellees argue the appellant invited any error when, on motion for rehearing, it argued the trial court should at least reduce the bond from the $100,000 amount originally set, to the $45,000 value of the car. Appellant disputes appellees’ position in this regard, and we have no transcript to show whether such invited error occurred. As it would be appellees’ burden to show invited error based on the record, appellees’ argument fails in this respect.
We reverse and remand for the trial court to delete any bond requirement for FLCI.
POLEN, FARMER and STEVENSON, JJ., concur.