PLEUS, J.
Bank of the West began this action to replevin a motor home in the possession of the Thompsons. The Bank seeks certiora-ri review of the trial court’s order granting the Thompsons’ motion to abate the re-plevin action. We conclude the Bank is entitled to certiorari relief.
In 2000, the Bank financed the purchase of the motor home by Robert and Jeanette Donald, who are not parties in this action. The Bank’s security interest was noted on the certificate of title. The Donalds allegedly fell behind in their payments and delivered the motor home to a dealer in Alabama under a consignment agreement. The dealer then tendered a check to the Bank in payment of the lien on the motor home. The check from the dealer bounced, but in the meantime the dealer sold and delivered possession of the motor home to the Thompsons.
Litigation ensued first in Alabama where the Donalds sued the Thompsons for declaratory relief, claiming that they were entitled to possession of the moto-rhome. The Alabama suit resulted in a final judgment in favor of the Thompsons. The Bank was not a named party in Alabama. The Alabama final judgment is presently on appeal.
In this action commenced in Florida, the Bank seeks replevin of the motorhome. However, on motion by the Thompsons, the trial court ordered abatement of the Florida replevin action until the Alabama proceedings could be concluded. The Bank now seeks review of the court’s order.
We conclude that the Bank is entitled to certiorari relief. Even if the Thompsons are the owners of the motor home in question, the Bank retains both its security interest and its ability to pursue replevin. The Bank’s sole focus is on the right to possession and not ownership. The Alabama action has nothing to do with the right to possession.
As a matter of law, the Bank is not collaterally estopped by whatever judgment the court in Alabama might make. We conclude that the trial court’s order caused, and is continuing to cause, irreparable injury to the Bank.
By statute, the Bank is granted an absolute, unconditional right to the issuance of *1077 an order to show cause, followed by a hearing at which the Bank is granted an opportunity to show that it is entitled to possession of the motor home pending final disposition of the case. See Prestige Rent-A-Car, Inc. v. Advantage Car Rental & Sales, Inc., 656 So.2d 541, 545 (Fla. 5th DCA 1995); Morse Operations, Inc. v. Superior Rent-A-Car, Inc., 593 So.2d 1079, 1080-81 (Fla. 5th DCA 1992); § 78.065(2), Fla. Stat. (2001); § 78.067(2), Fla. Stat. (2001); see also Comcoa, Inc. v. Coe, 587 So.2d 474, 476 (Fla. 3d DCA 1991). The trial court’s order deprived the Bank of its legislatively-bestowed rights, and no plenary appeal following entry of final judgment is adequate to restore those rights to the Bank. The Bank must instead rely upon this court, in this proceeding, to provide it with the protection intended by the statutes.
While it is well-settled that decisions regarding abatements and continuances are within the trial court’s discretion and generally are only disturbed when that discretion is abused, see State v. McCarthy, 585 So.2d 1167 (Fla. 4th DCA 1991), under the circumstances of this ease, we conclude the trial court departed from the essential requirements of law making cer-tiorari relief appropriate.
Accordingly, we grant the petition for certiorari relief and quash the trial court’s order abating this action.
PETITION GRANTED; ORDER QUASHED.
ORFINGER, J„ and HARRIS, C., Senior Judge, concur.