COBB, Judge.
Appellant, Huri Enterprises, Inc., seeks review of an order denying a counterclaim for writ of replevin. The denial was based on the judge’s determination that he was without jurisdiction in the replevin action since the property was located in the Bahamas. The appellee also asserted below that the court was without jurisdiction since the item to be replevied was not shown to be in defendant’s dominion and control. However, the court’s ruling was based solely on its determination that the property had to be within the county for jurisdiction to lie.
Section 78.03, Florida Statutes (1987) provides as follows:
78.03 Venue and jurisdiction.—The action shall be brought in the court in the county where the property is which has jurisdiction of the value of the property sought to be replevied. When property consists of separate articles, the value of any one of which is within the jurisdiction of a lower court but taken together will exceed that jurisdiction, the plaintiff shall not divide the property to give jurisdiction to the lower court to enable plaintiff to bring separate actions therefor.
The complaint seeking replevin in the instant case asks that the property be returned to the appellant. The nature of the action is possessory, therefore requiring in rem jurisdiction over the subject matter. As stated in 77 C.J.S. Replevin § 84 (1952):
An action for replevin cannot be successfully maintained unless the property is within the state and subject to the jurisdiction of its courts.... The jurisdiction of the court to hear and determine an action in replevin is dependent on the issuance and service of the writ which brings the property under the control of the court for the purpose of rendering judgment.
See also Marston v. Rose-Elash, 720 S.W. 2d 783 (Mo.App.1986) (court is without jurisdiction for replevin action where item to be seized was located out of the county).
The appellant’s reliance on section 78.12, Florida Statutes (1987) for its contention that jurisdiction may be obtained over property outside the county is misplaced. Section 78.12 deals with property that is removed from the county after the initial replevin writ is issued, but prior to the writ being served. In the instant case, the testimony below indicates that the property was removed prior to the filing of the counterclaim for replevin.
The lower court has jurisdiction over the parties and may properly enter a judgment for the value of the property. However, it cannot require that the property be seized and returned. The lower court ruled correctly in finding that it had no jurisdiction over the replevin action.
AFFIRMED.
SHARP, C.J., and ORFINGER, J., concur.