615 So.2d 781 (1993)
THOMSON McKINNON SECURITIES, INC., Appellant,
v.
Kerrean SLATER, Appellee.
No. 92-908.
District Court of Appeal of Florida, First District.
March 10, 1993.
*782 Jack Stein and Jeffrey A. Winikoff of the law firm of Stein, Rosenberg & Winikoff, P.A., Fort Lauderdale, for appellant.
Kerrean Salter, Jacksonville, for appellee.
ERVIN, Judge.
Appellant, Thomson McKinnon Securities, Inc. (TMSI), appeals an order in which the trial court dismissed TMSI's application to confirm an arbitration award against appellee, Kerrean Salter. We reverse and remand for further proceedings.
Kerrean Salter opened a margin account to purchase and sell securities with TMSI, a securities broker/dealer, in November 1986. Their agreement provided that any disputes between them would be resolved by arbitration in accordance with the rules of the National Association of Securities Dealers, Inc. (NASD). On January 25, 1988, TMSI filed a statement of claim with NASD requesting arbitration, alleging that Salter had a debit balance in her margin account. A hearing was held before an NASD arbitration panel in Broward County, and on December 5, 1990, the panel determined that Salter was liable to TMSI for $42,140.06.
When it did not receive any funds from Salter, TMSI filed an application to confirm the arbitration award in the Circuit Court for Broward County, seeking to convert the award into a final judgment. TMSI's application relied upon the Federal Arbitration Act, 9 U.S.C.S. §§ 1-14 (Law.Co-op. 1987).[1] Salter filed a motion to dismiss, contending that the case should be heard in Duval County, where she resided, and that 9 U.S.C.S. § 9 (Law.Co-op. 1987) precluded the court from hearing the matter. Section 9 provides in part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

(Emphasis added.)
TMSI responded to Salter's motion to dismiss by moving the court to take judicial notice of Chapter 682, Florida Statutes, the Florida Arbitration Code, particularly Section 682.12, Florida Statutes (1991). That section provides,
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14.
The Circuit Court in Broward County granted Salter's motion to dismiss, after making the following findings of fact:
1. There was no agreement between the parties that a judgment shall be entered upon the award made pursuant to the arbitration (Federal Arbitration Act, 9 U.S.C.S. § 9).
2. There was no agreement between the parties that this matter could be *783 brought in a state court, pursuant to the Federal Arbitration Act, 9 U.S.C.S. § 9.
TMSI did not appeal this ruling.
On October 14, 1991, TMSI filed another application to confirm the arbitration award, this time in Duval County, where Salter resided. Section 682.19, Florida Statutes (1991), regarding venue, provides:
Any application under this law may be made to the court of the county in which the other party to the agreement or provision for arbitration resides or has a place of business, or, if he has no residence or place of business in this state, then to the court of any county.
(Emphasis added.) Appellee responded with another motion to dismiss, contending that the previous order in Broward County was res judicata and that TMSI should not be permitted to "relitigate" the matter in Duval County.
On February 24, 1992, the Circuit Court for Duval County granted Salter's motion to dismiss, based upon the following findings of fact: (1) TMSI had filed an application to confirm the arbitration award in Broward County; (2) that court concluded that it did not have subject-matter jurisdiction and dismissed that case; and (3) TMSI did not appeal that decision. This was error. The court in Broward County had concluded only that venue did not lie in Broward County under the federal act. Refiling in Duval County, the proper venue under the Florida code, was thus proper.
The doctrine of res judicata is inapplicable to the situation at bar. Under that doctrine, a judgment on the merits of a controversy is conclusive of the rights and facts in issue with regard to the parties and their privies in any other action in the same or in another court. Youngblood v. Taylor, 89 So.2d 503, 505 (Fla. 1956); Allbright v. Hanft, 333 So.2d 112 (Fla. 2d DCA 1976). Florida Rule of Civil Procedure 1.420(b) specifically provides that dismissal for lack of jurisdiction or improper venue does not constitute an adjudication on the merits. The last sentence of that provision states:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
(Emphasis added.) See Miami Super Cold Co. v. Giffin Indus., Inc., 178 So.2d 604 (Fla. 3d DCA 1965).
The supreme court has held that the burden of establishing that a previous proceeding was on the merits is on the party claiming the benefit of it; that the doctrine is not applicable to a judgment which might have rested on either of two grounds, only one of which goes to the merits; and that the doctrine will not be invoked where it will work an injustice. deCancino v. Eastern Airlines, Inc., 283 So.2d 97, 98-99 (Fla. 1973). Accord Reynolds v. Reynolds, 117 So.2d 16, 20 (Fla. 1st DCA 1959) (in order for a defense of res judicata to prevail, the final judgment relied upon must reflect within its four corners that it was on the merits and is conclusive as to the second suit), cert. denied, 120 So.2d 616 (Fla. 1960); Equitable Fire & Marine Ins. Co. v. Bradford Builders, Inc., 174 So.2d 44, 45 (Fla. 3d DCA) ("To support a defense of res judicata, it must be clear that the court in the previous action intended that the disposition there was to be without right to further proceedings by the plaintiff."), cert. denied, 183 So.2d 218 (Fla. 1965); North Shore Realty Corp. v. Gallaher, 99 So.2d 255, 257 (Fla. 3d DCA 1957) (when a final decree is silent as to what was adjudicated on the merits, it is incumbent upon the party asserting the affirmative defense of res judicata to establish same by extrinsic evidence).
The order entered in Broward County does not show, nor has appellee established, that the Broward County Circuit Court concluded that Florida courts do not have subject-matter jurisdiction to confirm NASD arbitration awards. Broward County would have been the proper venue for this case only if the parties had agreed that such court could enter a judgment upon the arbitration award, pursuant to 9 U.S.C.S. *784 § 9,[2] or if Salter had no residence or place of business in Florida, pursuant to section 682.19. Neither of these circumstances existed. The Broward County Circuit Court simply determined that because the parties did not agree that it should enter a judgment upon an arbitration award, it could not hear TMSI's application. The court did not conclude that no Florida court may confirm TMSI's arbitration award.
REVERSED and REMANDED for further proceedings.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] Florida courts have held that the Federal Arbitration Act supersedes inconsistent provisions of the Florida Arbitration Code, Chapter 682, Florida Statutes. See, e.g., Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988). Under the facts of the case at bar, the statutes at issue, 9 U.S.C.S. § 9, and Sections 682.12 and 682.19, Florida Statutes (1991), do not conflict.
[2] Section 9 of the federal act is merely a venue provision, and does not confer exclusive jurisdiction to confirm arbitration awards on federal courts. Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 747-48 n. 7 (8th Cir.), cert. denied, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986).