656 So.2d 541 (1995)
PRESTIGE RENT-A-CAR, INC., etc., Appellant,
v.
ADVANTAGE CAR RENTAL AND SALES, INC. (ACRS), Appellee.
No. 94-2064.
District Court of Appeal of Florida, Fifth District.
June 9, 1995.
*542 John H. Bill of John H. Bill, P.A., Winter Park, for appellant.
Mario A. Garcia of Pappas & Garcia, Orlando, for appellee.
W. SHARP, Judge.
Prestige Rent-A-Car, Inc., appeals from an order reissuing a writ of replevin. The writ of replevin authorized the recovery of automobiles leased by Advantage Car Rental and Sales, Inc., to Prestige after Prestige defaulted under the lease agreement. Prestige argues that the trial court was required to apply the law of New York, rather than Florida, in issuing the writ because of various provisions in the parties' lease agreement. We disagree and affirm.
*543 In December 1993, Advantage, a New York company, leased forty automobiles to Prestige, which in turn rented the vehicles primarily to tourists in Florida. The lease ultimately covered seventy-one vehicles. The lease agreement contains the following provisions:
22. Governing Laws
This Agreement shall be governed by and construed in accordance with the laws of the State of New York.
23. Jurisdiction
It is agreed by the parties hereto that unless otherwise expressly waived by them, any action brought for breach of contract or to enforce any of the provisions hereof or for declaratory relief hereunder shall be filed and remain in a Court of competent jurisdiction in the County of Erie, State of New York. (emphasis added)
In addition to other remedies, the lease agreement allowed Advantage to repossess the vehicles in the event of default:
20. Term and Termination
... If [Prestige] fails to fulfill any of its obligations hereunder in a timely fashion or if [Prestige] violates any of the terms of this Agreement, [Prestige] shall be in default and [Advantage] may terminate this Agreement without notice and, in addition to any other legal or equitable remedies to which it may be entitled, may retake possession of the Vehicles. [Prestige] hereby authorizes [Advantage] to enter the premises where the Vehicles provided hereunder are located to retake possession.
According to Advantage, Prestige failed to make the payments required under the lease, starting in January 1994. In May, Advantage sent a notice of payment due to Prestige. In the same month, Arnold Pieroni, the president of Advantage, went to Prestige's business in Florida to inspect the vehicles. Pieroni found about twenty vehicles on the premises but was unable to find the fifty other vehicles.
In June 1994, Advantage filed suit against Prestige in a New York federal court. Advantage sought immediate recovery of the leased vehicles, damages for breach of contract for failure to pay the rental fees and damages for failure to pay the deposit required by the lease. Prestige filed an answer and a counterclaim, alleging that it was entitled to reimbursement for transportation costs and that Advantage had breached the agreement by failing to register the vehicles in Florida, thus rendering them unmarketable to Prestige. The New York court concluded that it had no authority to order replevin of the automobiles since they were located outside the state of New York. The New York court denied Advantage's request for a preliminary injunction and dismissed (with prejudice) the count for replevin. The two breach of contract claims remain pending.
On July 26, 1994, Advantage filed a complaint in Orange County, Florida, seeking repossession of the leased vehicles. On the same day, a prejudgment writ of replevin was issued conditioned on the posting of a $100,000 bond. A "show cause" order was also directed to Prestige on that date. Prestige filed a motion to dissolve the prejudgment writ of replevin or in the alternative to increase the bond.
A hearing was held on this motion August 10, 1994. At the hearing, Pieroni testified that Prestige owed Advantage $56,615 as of the time of the request for the writ. By August 1994, Prestige owed about $90,000. Robert Hellmer, the vice-president of Prestige, claimed that Prestige had made all of its required payments through April 1994 and that Prestige had decided not to make the payment in May because Advantage had failed to deliver tags for about twenty of the vehicles and thus they could not be rented. Prestige's counterclaim against Advantage was based on the lack of marketability of these vehicles. Prestige also sought to recover, by way of its counterclaim, reimbursement of about $14,000 for the cost of transporting the vehicles from New York to Florida.
The trial court found that Advantage had proven the grounds necessary for a writ of prejudgment replevin and denied Prestige's motion to dissolve the writ. The court also found that jurisdiction in New York (at least for purposes of repossession of the vehicles) *544 had been waived by the parties. The court then reissued the writ of replevin conditioned on an increase of the replevin bond to $113,230.
On appeal, Prestige argues that the trial court erred in finding that paragraph 20 of the lease agreement, which allows Advantage to retake possession of the vehicles, operated to waive both paragraph 23, which provides for exclusive jurisdiction in New York for the parties' disputes, and also paragraph 22, which mandated that the laws of New York would govern all disputes between the parties. Under the New York replevin statute, the plaintiff must post a bond "in a specified amount, not less than twice the value of the chattel stated in the plaintiff's affidavit ..." CPLR 7102(e). In its complaint for replevin, Advantage stated that the vehicles were valued at about $700,000. Thus Prestige argues that New York law should apply and that Advantage should have been required to post a bond in the amount of 1.4 million dollars.
Prestige is correct that forum selection clauses are generally enforceable. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986); Tuttle's Design Build, Inc. v. Florida Fancy, Inc., 604 So.2d 873 (Fla. 2d DCA 1992). Here the parties selected New York as their forum for settling disputes under the lease, unless otherwise expressly waived by them. In paragraph 20, the parties expressly agreed that one of Advantage's remedies in the event of default is to retake possession of the vehicles and Prestige expressly authorized Advantage to enter its premises where the vehicles were located in order to take possession. The parties were aware that the vehicles were to be located in Florida and not New York. A New York court cannot order repossession of property located outside its jurisdiction. See Niagara Mohawk Power Corporation v. Graver Tank and Manufacturing Co., 470 F. Supp. 1308 (N.D.N.Y. 1979) (New York replevy statute applies only to recovery of chattels located in New York State). Thus, the only logical construction of the contract is the parties intended that Advantage had the right  through appropriate court proceedings in Florida  to retake possession of the vehicles in Florida. To require the parties to seek repossession in New York which has no authority to order seizure of the property would effectively eliminate the remedy of repossession bargained for in the contract.
Furthermore, paragraph 23 could not confer jurisdiction on a New York court for replevin of property located outside the state. Publix Super Markets v. Cheesbro Roofing, 502 So.2d 484 (Fla. 5th DCA 1987). Replevin is a possessory action and therefore requires in rem jurisdiction over the subject matter. Huri Enterprises, Inc. v. Spectacular Midways, Inc., 530 So.2d 956 (Fla. 5th DCA 1988); Williams Management Enterprises, Inc. v. Buonauro, 489 So.2d 160 (Fla. 5th DCA 1986). An action for replevin cannot be successfully maintained unless the property is within the state and subject to the jurisdiction of its courts. Huri Enterprises, Inc., 530 So.2d at 957. Thus the parties could not have conferred[1]in rem jurisdiction on the New York court to handle the replevin action of vehicles located in Florida.[2]
Prestige's argument that the dismissal of the action in New York is res judicata as to the Florida proceedings is without merit. The doctrine of res judicata *545 applies only when there has been a determination on the merits of the controversy. Thomson McKinnon Securities, Inc. v. Slater, 615 So.2d 781 (Fla. 1st DCA 1993). The dismissal in New York was based on a lack of jurisdiction and was not a determination on the merits. Therefore, it is not a bar to these proceedings. See Houswerth v. Neimiec, 603 So.2d 88 (Fla. 5th DCA 1992) (dismissal of replevin action for failure to prosecute was not a ruling on the merits and could not be the basis for applying res judicata to a subsequent action).
Prestige also argues that paragraphs 20 and 23 render the contract ambiguous and that the contract must be construed against Advantage, which drafted it. See Vienneau v. Metropolitan Life Insurance Co., 548 So.2d 856 (Fla. 4th DCA 1989). Finally, Prestige argues that Advantage bargained away its right to repossession since it knew that the vehicles would be located in Florida but agreed to exclusive jurisdiction in New York. Prestige is correct that contracts are generally construed against the party who drafted them. However, it is another elementary principle that an interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect. Herian v. Southeast Bank, 564 So.2d 213 (Fla. 4th DCA 1990). Prestige's interpretation of the contract would render paragraph 20 meaningless.
Prestige also challenges the application of the Florida replevin statute. The replevin chapter contains two separate and distinct procedures for obtaining a replevy writ. Under sections 78.065 and 78.067, a show cause hearing must occur before a replevin writ is issued. Under section 78.068, the replevin writ is issued without notice or a show cause hearing; the creditor, however, is required to post a bond. Comcoa, Inc. v. Coe, 587 So.2d 474 (Fla. 3d DCA 1991); H. Trawick; Florida Practice & Procedure § 34-2.
Here, a writ was issued conditioned on the posting of a bond. However, an order to show cause was also issued on the same day. Advantage concedes that it confused the two methods for obtaining a writ but argues that any error was harmless. We agree. Since a bond was posted and a writ properly issued under section 78.068, the fact that a show cause order was issued, although perhaps procedurally confusing, would not appear to have prejudiced Prestige in any fashion.
Prestige next argues that the trial court erred in refusing to rule on the issues raised in its counterclaim in the New York action. A defense to a replevin suit must defeat the plaintiff's right to immediate possession. Morse Operations, Inc. v. Superior Rent-A-Car, 593 So.2d 1079 (Fla. 5th DCA 1992). Under the lease agreement, Advantage was entitled to possession of the vehicles upon default. Prestige admitted that it had failed to make the required payments under the lease. Prestige, however, claimed that it was justified in doing so because Advantage had failed to provide the required registration tags. Prestige also claimed a set off or credit for transportation expenses. These claims, however, do not allow for Prestige to retain possession of the vehicles nor would they defeat Advantage's right to repossession under the lease agreement. Prestige's recourse is for money damages, not retention of the vehicles.
Prestige further argues that the affidavit in support of Advantage's request for prejudgment writ of replevin was insufficient to meet the verification requirements of section 78.068 and therefore its motion to dissolve the writ should have been granted. Under section 78.068, the allegations in support of the issuance of the prejudgment writ of replevin must be verified. See Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978). Here the affidavit from Pieroni states that it was based on "information and belief," which is admittedly insufficient. See State v. Fordham, 465 So.2d 580 (Fla. 5th DCA 1985). However, review of an order denying a motion to dissolve a prejudgment writ of replevin is based not on the record before the judge at the time the writ was issued but rather is based on the record at the time the motion to dissolve was heard. Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA), rev. *546 denied, 411 So.2d 385 (Fla. 1981). At the time of the hearing on the motion to dissolve, Pieroni had testified under oath and this testimony was sufficient to support the issuance of the writ.
Finally, Prestige contends that the amount of the bond should have been increased to $180,000. Section 78.068(3) requires the petitioner to post a bond in the amount of "twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser as determined by the court ..." (emphasis added) The trial judge increased the bond to $113,230 or twice the amount owed at the time of the request for the writ. We disagree with Prestige that the bond should have been increased to $180,000, or twice the amount owed at the time of the August hearing. This hearing was on Prestige's motion to dissolve the writ. Although the trial court corrected some deficiencies and increased the amount of the bond, it found no grounds to dissolve the writ. Thus we find that the bond in the amount of $113,230 was proper.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Prestige argues that this was not exclusively an in rem action because Advantage also sought damages. When the party seeking replevin prevails, he is entitled to recover the damages he sustained for detention of the property. § 78.01, Fla. Stat. (1993). See also H. Trawick, Jr., Florida Practice & Procedure § 34-4 (1992). These damages must be distinguished from a judgment for the value of the property that is an alternative to recovery of possession. Id. See also Williams Management Enterprises, 489 So.2d at 161, n. 1. Advantage's complaint sought "damages incurred" for the replevin and not damages under the contract.
[2] Even assuming that Florida were to apply New York law on substantive matters pursuant to paragraph 22, the law of the forum generally governs on procedural matters. Aerovias Nacionales DeColumbia v. Tellez, 596 So.2d 1193 (Fla. 3d DCA 1992) (while New York law applied to substantive matters in wrongful death action, Florida law applied to procedure).