715 So.2d 1025 (1998)
INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant,
v.
PRESTIGE RENT-A-CAR, INC., etc., et al., Appellee.
Nos. 97-0127, 97-0507.
District Court of Appeal of Florida, Fifth District.
July 24, 1998.
Rehearing Denied August 21, 1998.
*1026 Steven G. Schember and Cynthia L. Bulanof Shumaker, Loop & Kendrick, LLP, Tampa, for Appellant.
John H. Bill and Janet M. Lower of Godbold, Downing, Sheahan & Battaglia, P.A., Winter Park, for Appellee Prestige Rent-A-Car, Inc.

ON MOTION FOR REHEARING
ANTOON, Judge.
We grant the appellant's motion for rehearing, withdraw our opinion filed May 15, 1998, and issue this opinion in its place.
International Fidelity Insurance Company (Fidelity) appeals two orders entered by the trial court. The first order directs Fidelity to pay on its bond as surety for Advantage Car Rental and Sales, Inc. (Advantage). The second order directs Fidelity to pay Prestige's attorneys' fees incurred in this matter. We affirm both orders.
Advantage, a New York corporation, entered into an automobile lease agreement with Prestige, a Florida corporation. Approximately seven months after the lease was executed, Advantage filed suit against Prestige in the New York federal district court claiming that Prestige had breached the parties' lease agreement by failing to make the required payments. The complaint set forth two counts alleging breach of contract, and a separate claim for replevin of the leased automobiles. However, the New York court determined that it lacked jurisdiction to order replevin since the automobiles were located in Florida. As a result, the court dismissed Advantage's replevin claim.
While the New York lawsuit remained pending, Advantage filed a complaint in the circuit court in Orange County seeking replevin of the leased vehicles. See § 78.068, Fla. Stat. (1993).[1] Upon motion filed by Advantage, the trial court issued a prejudgment writ of replevin conditioned upon the posting of a $100,000 bond. Fidelity, as Advantage's surety, posted the bond. Prestige thereafter filed a motion to dissolve the prejudgment writ of replevin. The trial court denied the motion but increased the amount of the bond to $113,000. Prestige appealed the trial court's ruling. Upon review, this court affirmed the entry of the prejudgment writ of replevin as well as the imposition of the bond. See Prestige Rent-A-Car, Inc. v. Advantage Car Rental and Sales, Inc., 656 So.2d 541 (Fla. 5th DCA 1995).
While the appeal was pending in this court, the proceedings in both the Florida circuit court and the New York federal court continued. In both venues, Prestige filed counterclaims against Advantage alleging breach of the parties' lease agreement and wrongful replevin. Also, in the Florida lawsuit, Prestige filed a motion against Fidelity seeking payment on the bond pursuant to rule 1.625 of the Florida Rules of Civil Procedure.[2]
*1027 The New York lawsuit was later resolved when the federal court dismissed Advantage's complaint with prejudice and entered a default judgment against Advantage on Prestige's counterclaims, including the claim of wrongful replevin. After the default judgment was entered, Prestige moved for summary judgment in the Florida lawsuit seeking judgment against Advantage based upon the application of the doctrine of res judicata. Advantage did not appear at the hearing on the motion for summary judgment. However, Fidelity appeared and was represented by counsel. Although Fidelity was not a party to the action and had not filed a motion to intervene, the trial court granted Fidelity's request to be heard. Counsel for Fidelity stated that he had no objection to the entry of a final judgment against Advantage on Prestige's counterclaims, but did object to any ruling which would foreclose Fidelity from raising defenses on the issue of Fidelity's liability on the bond. The trial court assured Fidelity it would be given an opportunity to be heard if Prestige proceeded against Fidelity on the bond. The trial court then entered final judgment in favor of Prestige on its counterclaims of breach of contract and wrongful replevin. In doing so, the trial court applied the doctrine of res judicata:
"As a result of the default judgment having been entered in favor of [Prestige] against [Advantage] in the federal court action on [Prestige's] counterclaims and their counterclaims also included an action for wrongful replevin and breach of the lease agreement, summary judgment is also entered on behalf of [Prestige] in the instant action on the counterclaim.... Accordingly, [Advantage] is liable to [Prestige] in count I of having wrongful replevied the leased vehicles referenced in their complaint and is also liable pursuant to the allegations in Count II "Breach of Lease Agreement" for having breached the lease agreement."
The matter then proceeded to trial on the issue of damages. The jury awarded Prestige $1,018,182.66 in damages against Advantage, and the trial court entered judgment in that amount.
Following the entry of the damages judgment, Fidelity filed a response to Prestige's pending motion to compel payment on the bond. This response included a general denial of liability but failed to assert any defenses in law or in fact. Prestige then moved for summary judgment on its motion for payment on the bond. After conducting a hearing, the trial court determined that, since the replevied automobiles were no longer in Advantage's possession, payment on the bond was required pursuant to section 78.21 of the Florida Statutes (1993).[3] Thereafter, the trial court entered a second order directing Fidelity to pay Prestige's attorneys' fees pursuant to section 768.79 of the Florida Statutes (1993), which provides that a plaintiff is entitled to an award of attorneys' fees if, prior to judgment, he or she makes a demand for judgment to the opposing party and the amount of the judgment damages awarded after trial is at least twenty-five percent greater than the original demand. Fidelity timely appealed both of these final orders. We have consolidated the appeals in the interest of judicial economy.
At the onset, it is important to point out that Prestige suggests that Fidelity has waived its right to assert any claims of error relating to the trial court's order requiring payment on the bond because Fidelity failed to raise any specific defenses in its response to Prestige's motion to compel payment on the bond as required by rule 1.625 of the Florida Rules of Civil Procedure. However, we conclude that since Fidelity appeared before the trial court and was permitted to present argument on several defenses, such *1028 arguments have been preserved for appellate review. All other claims of error which were not argued at the hearing have been waived.[4]
The first claim of error advanced by Fidelity is that the trial court erred in directing payment on the bond without first ordering Advantage to return the automobiles to Prestige. See § 78.21, Fla. Stat. (1993). The trial court did not enter an order directing Advantage to return the automobiles because Advantage had admitted that all of the automobiles had already been sold. Thus, entry of an order to return the automobiles would have been futile. Florida law does not require trial courts to enter orders which are impossible to execute or which require parties to perform acts that cannot be of any force or effect. See Rodriguez v. Smith, 673 So.2d 559, 560 (Fla. 3d DCA 1996).
Next, Fidelity argues that the trial court erred in ruling that the default judgment entered in the New York court was res judicata as to the Florida lawsuit because the default judgment was void. Fidelity maintains that the New York court lacked subject matter jurisdiction to adjudicate Prestige's claim of wrongful replevin because the automobiles were not located in New York. This argument also lacks merit.
Prestige's claim for wrongful replevin was an in personam proceeding. As a result, the New York court possessed jurisdiction over the claim, notwithstanding the fact that the automobiles were located in Florida, because money damages was the only relief sought. Importantly, Prestige did not request the return of the automobiles. See State of Ohio, Dep't of Natural Resources, Div. of Wildlife v. Prescott, 42 Ohio St.3d 65, 537 N.E.2d 204 (1989). In contrast, a cause of action for replevin is a statutorily created cause of action and an in rem proceeding. The New York court properly dismissed Advantage's replevin claim against Prestige since the property at issue (i.e., the leased automobiles) was located in Florida, outside the court's jurisdiction. See Ruth v. Department of Legal Affairs, 684 So.2d 181, 185-86 (Fla. 1996).
Fidelity next argues that the trial court erred in applying the doctrine of res judicata to the New York default judgment because there was no identity of the parties and there was no identity of the causes of action. This argument also fails. The parties, Prestige and Advantage, were the same in both proceedings. Likewise, in both actions Prestige sought recovery of damages based on the theory of wrongful replevin. See Lobato-Bleidt v. Lobato, 688 So.2d 431, 434 (Fla. 5th DCA 1997).
Lastly, we address Fidelity's claim that this court's earlier decision in Prestige Rent-A-Car, Inc., 656 So.2d at 541, constitutes the law of this case and therefore is dispositive of Prestige's claim for wrongful replevin. In that earlier case, we held
1) that the dismissal of Advantage's New York replevin action for lack of jurisdiction was not res judicata as to Advantage's Florida claim for a prejudgment writ of replevin;
2) that a forum selection provision contained in the parties' lease agreement did not preclude Advantage from pursuing a cause of action for replevin in Florida;
3) that the existence of Prestige's counterclaim for breach of contract was not sufficient to defeat Advantage's right to obtain a prejudgment writ of replevin; and
4) that the amount of the bond was proper.
Id. at 544-46. Importantly, our opinion addressed only claims of error relating to the trial court's entry of the prejudgment writ of replevin and the adequacy of the bond. The opinion did not address the prospective issue of whether Advantage's replevin of the leased automobiles was wrongful. As a result, the ruling set forth therein cannot constitute law of the case regarding Prestige's *1029 claim against Advantage for wrongful replevin. See Wells Fargo Armored Services Corp. v. Sunshine Sec. & Detective Agency, Inc., 575 So.2d 179, 180 (Fla.1991).
Causes of action for prejudgment writ of replevin and wrongful replevin are separate and distinct. Even when a party has employed the proper procedure in obtaining a prejudgment writ of replevin, there can still be a subsequent finding that the replevin was wrongful. See New Holland, Inc. v. Trunk, 511 So.2d 746 (Fla. 5th DCA 1987); see also Auto-Owners Ins. Co. v. Hooks, 463 So.2d 468 (Fla. 1st DCA 1985). The very purpose of the provision in section 78.068 requiring that a plaintiff in a prejudgment writ of replevin action post a bond is to protect the defendant if a court later determines that the writ was "obtained wrongfully." § 78.068, Fla. Stat. (1993). See also Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla.1978).
Having rejected as meritless all of the claims of error advanced by Fidelity, we affirm the trial court's ruling directing payment on the bond. In doing so, we again note that Fidelity failed to plead or argue any valid defense to Prestige's motion to compel payment on the bond. In Von Engineering Co. v. R.W. Roberts Construction Co., Inc., 457 So.2d 1080, 1082 (Fla. 5th DCA 1984), we held that
when a surety has notice of a suit against the principal and is afforded an opportunity to appear and defend, a judgment rendered without fraud or collusion is conclusive against the surety as to all material questions therein determined. A corollary to this principle is that where it is not made to appear that the surety knew of and had an opportunity to defend the suit, then the judgment is prima facie evidence that the surety is liable, sufficient to support a verdict unless it is rebutted by proof that it was obtained through fraud or collusion or that the loss of liability created by the judgment arose from acts other than those indemnified against under the conditions of the bond.
(Emphasis in original, citations omitted.) Here, Fidelity did not establish that it did not know of, or have an opportunity to defend in, the New York lawsuit. Fidelity also did not allege that the default judgment was procured by fraud or collusion. As a result, notwithstanding Fidelity's arguments to the contrary, we conclude that no reversible error has been established.
Accordingly, we affirm the trial court's order directing payment on the bond as well as the order directing Fidelity to pay Prestige's attorneys' fees. We emphasize that the claims of error set forth in the dissent were not raised by Fidelity in the New York proceedings, nor were they presented to the trial court below. Fidelity could have become a party in either proceedings and raised these defenses, but, for whatever reason, elected not to do so. The only question before the trial court was whether Fidelity was liable under the terms of its bond. As Advantage's surety, Fidelity "stood in the shoes" of Advantage, and both Advantage and Fidelity waived any defenses they may have had as to the merits of Prestige's case.
AFFIRMED.
DAUKSCH, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
I most heartily dissent. Although the solution to this case is not difficult, it appears somewhat complex because the simultaneous proceedings in two court systemsthe Florida state courts and the U.S. District Court in New Yorkhave muddied the water. Because the trial judge failed to get a good look at the real issue involved in this case, principles established as the law of the case by this court in Prestige Rent-A-Car v. Advantage Car Rental, 656 So.2d 541 (Fla. 5th DCA 1995), were ignored by the judge when he recognized a decision by the New York court as res judicata.
The facts are not in dispute. Advantage Car Rental and Sales, Inc. (Advantage) leased cars to Prestige Rent-a-Car, Inc. (Prestige) through a lease executed in New York for sublease in Florida. When Prestige defaulted on its lease payments to Advantage, Advantage sued in the federal court in New York and included a count for replevin. *1030 In its response to the replevin suit filed in New York (both as an affirmative defense and counterclaim for wrongful replevin), Prestige alleged:
By agreeing to exclusive jurisdiction in [New York], and then placing the motor vehicles that constitute the subject matter of the agreement outside the power of these Courts, plaintiff Advantage forfeited the remedies of seizure and replevin and limited itself to the remedy of monetary damages for any alleged breach of the agreement.
The federal court properly dismissed the count for replevin because the cars were located outside its jurisdiction. Thus ended the replevin action in New York. Advantage then came to Florida where its cars were located and filed for a prejudgment writ of replevin. The Florida writ was granted and a replevin bond was set in the amount of $100,000. Prestige moved to dissolve the writ or increase the bond. Its position was not that it was current in its payments but rather that replevin was foreclosed because such action had been dismissed with prejudice by the New York court. The lower court refused to dissolve the writ but did increase the bond to $113,230. Prestige appealed to this court making the same arguments that it had presented in the New York action, and urged that the order granting the writ of replevin be reversed. We rejected Prestige's position.
This court established three principles as the law of this case. First, Advantage had not waived the right of replevin in its contract and could bring such action in Florida:
In Paragraph 20, the parties expressly agreed that one of Advantage's remedies in the event of default is to retake possession of the vehicles and Prestige expressly authorized Advantage to enter its premises where the vehicles were located in order to take possession. The parties were aware that the vehicles were to be located in Florida and not New York. A New York court cannot order repossession of property located outside its jurisdiction. [Citations omitted.] Thus the only logical construction of the contract is the parties intended that Advantage had the right through appropriate court proceedings in Floridato retake possession of the vehicles in Florida.
Prestige, 656 So.2d at 544.
The second principle established as the law of the case is that Prestige's claim that the dismissal of the replevin action by the New York court was res judicata and barred the Florida replevin claim, was rejected:
The doctrine of res judicata applies only when there has been a determination on the merits of the controversy. [Citation omitted]. The dismissal in New York was based on a lack of jurisdiction and was not a determination on the merits. Therefore, it is not a bar to these proceedings.
Id. at 544, 545.
Finally, on Prestige's claim that replevin was improper because Advantage had itself breached the lease agreement, this court held:
Prestige next argues that the trial court erred in refusing to rule on the issues raised in its counterclaim in the New York action. A defense to a replevin suit must defeat the plaintiff's right to immediate possession. [Citation omitted]. Under the lease agreement, Advantage was entitled to possession of the vehicles upon default. Prestige admitted that it had failed to make the required payments under the lease. Prestige, however, claimed that it was justified in doing so because Advantage had failed to provide the required registration tags. Prestige also claimed a set off or credit for transportation expenses. These claims, however, do not allow for Prestige to retain possession of the vehicles nor would they defeat Advantage's right to possession under the lease agreement. Prestige's recourse is for money damages, not retention of the vehicles.
Id. at 545.
The majority contends that since the above opinion addressed only a prejudgment replevin action, it has not established the law of the case in relation to a wrongful replevin action because even if the original action was proper, still there could be a subsequent finding that the replevin was wrongful. Perhaps *1031 if it could later be shown that the wrong cars had been taken or that Prestige had indeed made the payments required by its contract, a wrongful replevin might be subsequently proved. However, this court foreclosed any subsequent finding of wrongful replevin based on the alleged waiver by Advantage or Advantage's breach of contract. If these arguments would not defeat the issuance of a replevin writ in the first instance, they will not justify a subsequent finding of wrongful replevin.
After the decision of this court was announced, Advantage, for whatever reason, discontinued pursuing its own action and stopped defending the claims made by Prestige. Prestige continued its action without joining the bonding company, International Fidelity Insurance Company (International). A default judgment was entered by the New York court against Advantage and "in favor of [Prestige] on Prestige Rent-A-Car, Inc.'s Counterclaims One through Five." This included Prestige's claim that the Florida replevin action breached the New York contract. Although the default entered against Advantage would stand as an admission that Advantage had waived the remedy of replevin by contract and/or that Advantage had itself breached the contract, these allegations were a part of Prestige's breach of contract actionnot a claim founded on wrongful replevin. The New York court entered a default judgment without determining damages. The New York court did not even purport to rule on the propriety of the Florida replevin action under Florida law, an action filed after the court dismissed the New York replevin countnor would it have any jurisdiction to do so.
This New York default judgment was presented to the Circuit Judge below by Prestige on its Motion for Summary Judgment as res judicata on the issue of its wrongful replevin counterclaim in Florida even though it was based on a breach of contract count. Further, the New York judgment on the contract was based on the same waiver and breach of contract arguments which had been presented to this court in the earlier appeal and rejected. Since these waiver and breach of contract claims were rejected by this court as a basis to deny replevin, the same claims, even if accepted by the New York court in relation to the New York breach of contract action, cannot be a legitimate basis for a wrongful replevin action here.
There are two reasons why the New York decision does not overrule this court's previous opinion. First, law of the case trumps even res judicata. Second, as previously indicated, the judgment of the New York court was not based on wrongful replevin but rather on breach of the New York contract. Count four of Prestige's New York counterclaim is a contract action and not a wrongful replevin action. The only relevant allegations are:
42. By agreeing to exclusive jurisdiction in Courts sitting in the County of Erie, State of New York, and then placing the motor vehicles that constitute the subject matter of the agreement outside the power of these Courts, Plaintiff Advantage forfeited the remedies of seizure and replevin and limited itself to the remedy of monetary damages for any alleged breach of the agreement.
43. Despite having forfeited by contract the remedies of seizure and replevin, Plaintiff Advantage has breached the contract terms by wrongfully seeking and obtaining the remedies of seizure and replevin in the State of Florida, thereby destroying Prestige's business and otherwise causing it damage.
It is obvious from the foregoing that although Prestige claimed that the replevin in Florida breached the New York contract, there was no allegation that the Florida replevin action was otherwise wrongful under the law of this state. Since this cause of action is not the same as that alleged in Florida, res judicata simply does not apply.
After this court's decision on the previous appeal was issued, the only appropriate counts remaining before the trial court were the breach of contract claims, and those were not insured by the replevin bond.
In granting the summary judgment, the trial court ruled:
As a result of the default judgment having been entered in favor of Prestige Rent-A-Car, *1032 Inc. against Advantage Car Rental & Sales Inc. in the federal court action on Prestige Rent-A-Car, Inc.'s Counterclaims and their Counterclaims also included an action for wrongful replevin[1] and breach of the lease agreement, summary judgment is also entered on behalf of Defendant/Counter-Plaintiff, Prestige Rent-A-Car, Inc., a Florida corporation, in the instant action on the Counterclaim.
It is apparent, therefore, that the sole basis for the wrongful replevin judgment herein is the default judgment from the New York court which was based on a breach of contract action and not a wrongful replevin action and, in any event, was based on Prestige's argument that Advantage had waived replevin as a remedy by agreeing to litigate its disputes in New York or because Advantage had itself breached the leaseboth positions rejected by this court in the earlier appeal. The trial court's failure to apply the law of the case as determined by this court is fundamentally wrong and its judgment, which ignores our previous decision, should not be recognized.
At the hearing on Prestige's motion for summary judgment against Advantage, International appeared and objected to a judgment against Advantage based on wrongful replevin, contending that Prestige's claim should only be for breach of contract. This, of course, was consistent with our earlier ruling. But counsel for Prestige ignored our previous ruling (and apparently the trial judge was unaware of it) and persevered in his argument that he had litigated the issue of wrongful replevin and had prevailed on the merits in New York and that this was binding on the trial court. The judge, for some reason, accepted his argument but did direct counsel for Prestige to:
Recite thewhat has taken place in New York State in the federal court and the fact that there was an interlocutory appeal on this matter and what was decided there, so they're perfectly clear as to what everybody's position is at this point.
Although the court expressly directed counsel for Prestige to set out the background of the litigation, and particularly what this court had held in the earlier appeal, in counsel's proposed Order on Motion for Summary Judgment (which was signed by the trial court), it appears that such was not done. Perhaps if counsel had followed the judge's instructions, the court would not have ignored our decision.
The majority opinion herein permits a New York trial court to reverse a decision of this court. That is not good precedent.
NOTES
[1] 78.068. Prejudgment writ of replevin

(1) A prejudgment writ of replevin may be issued and the property seized delivered forthwith to the petitioners when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner.
* * * * * *
(3) The petitioner must post bond in the amount of twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser as determined by the court, as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully.
Fla. Stat. (1993).
[2] Rule 1.625. PROCEEDINGS AGAINST SURETY ON JUDICIAL BONDS

When any rule or statute requires or permits giving of bond by a party in a judicial proceeding, the surety on the bond submits to the jurisdiction of the court when the bond is approved.... The liability of the surety may be enforced on motion without the necessity of an independent action.... The surety shall serve a response to the motion within 20 days after service of the motion, asserting any defenses in law or in fact. If the surety fails to serve a response within the time allowed, a default may be taken. If the surety serves a response, the issues raised shall be decided by the court on reasonable notice to the parties.
[3] 78.21. Judgment for defendant when goods not retained by, or redelivered to, him. When the property has not been retained by, or redelivered to, defendant and he prevails, judgment shall be entered against plaintiff for possession of the property and costs and against him for the value of the property and costs in the same manner as provided in s. 78.19 for judgment in favor of plaintiff.
[4] These claims include (1) whether the damage award in favor of Prestige and against Advantage was improper because it failed to distinguish between the damages awarded for breach of contract and the damages awarded for wrongful replevin; and (2) whether the award for prejudgment interest to Prestige was improper because the damages were never liquidated.
[1] This is simply not true. Paragraphs 42 and 43 from Prestige Rent-A-Car, Inc.'s counterclaim quoted above clearly show that Prestige's New York action was for breach of contract and not wrongful replevin.