Matthew K. GAISSER, Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC, et al., Defendants.

Case No. 08–60177–CIV.

United States District Court, S.D. Florida, Miami Division.

Jan. 12, 2009.

Craig M. Shapiro, Horwitz Horwitz & Associates, Chicago, IL, Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

David Palmer Hartnett, Monica Theresa Cronin, Hinshaw & Culbertson, Robert Jay Orovitz, Hayt Hayt & Landau, Miami, FL, Michelle Tamara Bell, Craig S. Hudson, Marshall Dennehey Warner Coleman Goggin, Fort Lauderdale, FL, for Defendants.

### *ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court upon Defendants, Robert J. Orovitz and Robert J. Orovitz, P.A.'s Motion for Summary Judgment [D.E. 80], filed on November 3, 2008. The Court has carefully considered the parties' written submissions, the record, and applicable law.

### I. BACKGROUND

On June 5, 2008, Plaintiff, Matthew K. Gaisser, filed an Amended Class Action Complaint [D.E. 53] alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA")

against Defendants, Robert J. Orovitz individually and Robert J. Orovitz, P.A. (collectively "Orovitz"), and Portfolio Recovery Associates, LLC ("PRA").

Plaintiff obtained a consumer credit card from Providian National Bank, and due to Plaintiff's financial difficulties, the account fell into arrears. (*See Def. Statement of Mat. Facts* [D.E. 80] at ¶¶ 1, 3; *Pl. Statement of Mat. Facts* [D.E. 100] at ¶¶ 1, 3). The last payment Plaintiff made on the Providian account occurred on April 10, 2003. (*See Def. Mat. Facts* at ¶ 4; *Pl. Mat Facts* at ¶ 4). PRA obtained the debt from Providian after the debt had fallen into default and subsequently retained Orovitz to collect on the account. (*See Def. Mat. Facts* at ¶¶ 5, 7–8; *Pl. Mat. Facts* at ¶¶ 5, 7–8). Orovitz, in turn, filed an action on behalf of PRA against Plaintiff on February 8, 2007, in the Broward County Court. (*See PRA Compl.* [D.E. 53–2] ).

Plaintiff contends the terms of the Providian account are governed by the laws of New Hampshire because the credit agreement contains a clause stating the account shall be governed by the law of New Hampshire and federal law. (*See Am. Compl.* at ¶¶ 18, 20; *Providian Account Terms* [D.E. 53–4] at 2; *Def. Mat. Facts* at ¶ 2). Due to the application of New Hampshire's three-year statute of limitations to the debt, Plaintiff alleges in the Amended Complaint the state collection action was untimely filed in violation of the FDCPA. (*See Am. Compl.* at ¶ 20).[1] Plaintiff asserts Defendants' practices ran afoul of the FDCPA because they "used false or misleading representations to collect or attempt to collect a debt in violation

of 15 U.S.C. § 1692e," and "used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f." (*Id.* at ¶¶ 35–36).

On June 16, 2008, PRA and Orovitz filed motions to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 56, 59]. Both PRA and Orovitz moved to dismiss the FDCPA claim arguing the underlying suit was timely filed, and therefore Plaintiff failed to state a claim. Specifically, PRA argued that even if New Hampshire law applied to the debt, the state suit was not filed outside the applicable three-year statute of limitations, because that period was tolled under New Hampshire law. Orovitz contended both the FCCPA and the FDCPA claims should be dismissed, because even assuming the debt is governed by New Hampshire law, as the forum state, the Florida five-year statute of limitations applied to the state action. In the alternative, Orovitz joined PRA's argument that the three-year New Hampshire statute of limitations was tolled. Orovitz also asserted Plaintiff's FCCPA claim against it was barred by the Florida litigation privilege.

On August 5, 2008, the undersigned entered an Order, 571 F.Supp.2d 1273 (S.D.Fla.2008), granting in part and denying in part Defendants' motions. The undersigned found the three-year New Hampshire statute of limitations applied to the debt, and the period was not tolled. Because the underlying suit was not timely filed, the motions were denied to the extent Defendants argued the FDCPA claim failed. Plaintiff's claim regarding Oro-

---

1. Plaintiff also took issue with a provision of PRA's complaint in the state court action, stating, " '[i]n the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00,' " (*Am. Compl.* at ¶ 16)

(quoting *PRA Compl.* at ¶ 3), and an Affidavit of Attorney's Fees filed by Robert J. Orovitz in the state court suit in which he states $500.00 would be a reasonable fee. (*See id.* at ¶ 17).

vitz's attorney's fees and Plaintiff's FCCPA claim were dismissed.

Orovitz now moves for summary judgment arguing it unintentionally filed the time-barred collection action against Plaintiff, and therefore Orovitz is protected by the bona fide error defense contained in the FDCPA. *See* 15 U.S.C. § 1692k(c).

## II. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America,* 894 F.2d 1555, 1558 (11th Cir.1990) (citation omitted).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248,

106 S.Ct. 2505. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## III. ANALYSIS

As stated, Orovitz argues it is entitled to a summary judgment because the filing of the state collection action after expiration of the New Hampshire statute of limitations was a bona fide error, and it is protected by the "bona fide" error defense of the FDCPA. The FDCPA provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). To establish this defense, Orovitz must show by a prepon-

derance of the evidence the filing of the time-barred action was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error. *See Sparks v. Phillips & Cohen Assocs., Ltd.*, Case No. 07–cv–0477, 2008 WL 2540679, at *10 (S.D.Ala. Jun. 20, 2008) (citing *Johnson v. Riddle*, 443 F.3d 723, 727–28 (10th Cir. 2006)); *Valencia v. Affiliated Group, Inc.*, Case No. 07–cv–61381, 2008 WL 4372895, at *4 (S.D.Fla. Sept. 24, 2008) ("the Court must evaluate whether Defendant's procedures were 'reasonably adapted' to avoid **the specific error at issue**.") (citation omitted) (emphasis in original).

The question of whether the defendant had the specific intent to violate the FDCPA is a subjective inquiry that "can often only be shown by inferential evidence. Thus, the extent to which [the defendant] should have objectively realized that his actions were in violation of law may be inferentially probative of the subjective intentional nature of that violation." *Johnson*, 443 F.3d at 728–29 (footnote omitted). The bona fide error and reasonable procedure prongs require an objective analysis, and "in effect, the bona fide component serves to impose an objective standard of reasonableness upon the asserted unintentional violation." *Id.* at 729. (citation and quotation marks omitted). Ultimately, where

> the case involves a mistake of law, whether the debt collector's mistake was bona fide will often turn on the debt collector's due diligence practices. As a result, the bona fide prong and the procedures prong will often merge; here, one inquiry drives the other. We therefore focus our analysis on whether [the defendant's] procedures were reasonable based on the facts of this case.

*Id.*

Orovitz argues it has met its burden in establishing the bona fide error defense.

Orovitz cites *McCorriston v. L.W.T. Inc.*, 536 F.Supp.2d 1268 (M.D.Fla.2008), and *Pescatrice v. Orovitz*, 539 F.Supp.2d 1375 (S.D.Fla.2008), in support of its argument. In *McCorriston*, the defendants filed a collection action after the expiration of the Delaware statute of limitations, which applied to the underlying debt pursuant to the terms of the credit card agreement. The defendants moved for summary judgment arguing their filing of the time-barred suit was a bona fide error under Section 1692k(c). After observing an affidavit filed on behalf of the defendant law firm stated an attorney at the firm researched the question and found a sound legal basis for arguing the longer statute of limitations applied, the court noted:

> [T]he pertinent issues in assessing the application of the bona fide error defense are whether Defendants' error was bona fide and unintentional and whether Defendants had procedures in place reasonably adapted to avoid the error. *Johnson*, 443 F.3d at 729; 15 U.S.C. § 1692k(c).

> In this case, these elements are closely intertwined. *Id.* at 729 ("Where, as here, the case involves a mistake of law, whether the debt collector's mistake was bona fide will often turn on the debt collector's due diligence practices.")

\*     \*     \*

Defendants' contention that Florida law applies is weak, at best, but cannot be said to preclude application of the good faith defense to a FDCPA action. The account agreement contained a Delaware choice of law provision. Contractual choice of law provisions are presumptively valid unless the party opposing the application of the chosen law demonstrates that "the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I.*

*DuPont De Nemours and Co.,* 761 So.2d 306, 311 (Fla.2000). Absent an argument by Defendants that Delaware law contravenes strong public policy of Florida, Delaware law applies to substantive matters, including the statute of limitations. *Id.; see also Siegel v. Novak,* 920 So.2d 89, 93–94 (Fla. 4th DCA 2006); *Prestige Rent–A–Car, Inc. v. Advantage Car Rental and Sales, Inc. (ACRS),* 656 So.2d 541, 544 n. 2 (Fla. 5th DCA 1995). Defendants have made no such public policy argument. Accordingly, Delaware's statute of limitations applies.

Notwithstanding, Defendants' argument that Florida's statute of limitations applied cannot be said to be without arguable support, as evidenced by the cases researched and cited in the Law Firm's affidavit. (Law Firm Aff., ¶ 6).[ ] Having an arguable good faith, albeit wrong, basis for arguing that Florida's statute of limitations applies, based on a line of Florida cases stating that statutes of limitations are considered procedural, rather than substantive, precludes the requisite finding of bad faith or intentional conduct under the FDCPA.

*McCorriston,* 536 F.Supp.2d at 1275.

Similarly in *Pescatrice,* a case alleging Orovitz engaged in the same conduct alleged in this case, the court found the defendants had satisfied their burden in establishing the bona fide error defense. *Pescatrice,* 539 F.Supp.2d at 1379–80. The court did not specifically articulate the statutory requirements of the defense but observed "[d]efendants did research the issue...." *Id.* at 1379 (citations omitted). The court then concluded, without analysis, "that Defendants have proven that their violation was not intentional and that they researched the statute of limitations issue before filing suit." *Id.* at 1379–80 (footnote omitted).

Implicit in the *McCorriston* and *Pescatrice* decisions is the absence of a material issue of fact regarding the third prong of the bona fide error defense analysis, the reasonableness of the procedures implemented to prevent the error. In these cases, it does not appear the plaintiffs raised the issue. Here, however, Plaintiff does present a question of material fact with respect to the defense, and the issue is appropriately decided by the jury. *See Johnson,* 443 F.3d at 731–32 (court concluded triable issues of fact remained regarding "each prong of the defense, although the issue of whether [defendant lawyer] maintained procedures reasonably adapted to avoid his legal error may be determinative of [lawyer's] subjective and objective intent.... The jury should decide whether the bona fide error defense shields [lawyer] from liability for violating the FDCPA."); *Richburg v. Palisades Collection LLC,* 247 F.R.D. 457, 468–69 (E.D.Pa.2008) (question of whether defendant law firm's "process of developing and maintaining its nationwide statute of limitations chart is a procedure reasonably adapted to avoid the error of applying the wrong statute of limitation" one for the jury); *Ramirez v. Palisades Collection LLC,* Case No. 07–cv–3840, 2008 WL 2512679, at *6 (N.D.Ill. Jun. 23, 2008) (question of reasonableness of debt collector's screening procedures regarding determination of applicable statute of limitations issue of fact for jury).[2]

---

**2.** *See also Valencia,* 2008 WL 4372895, at *4 (citing *In Re Stratford,* 635 F.2d 365, 368 (5th Cir.1981)) ("[E]ven assuming Defendant can assert the bona fide error defense, Defendant's intent or lack of intent is a question of fact which the Court is unable to determine on this record as a matter of law."); *Niven v. National Action Financial Services, Inc.,* Case No. 07–cv–1326, 2008 WL 4190961, at *3 (M.D.Fla. Sept. 10, 2008) (citing *Sparks,* 2008

Orovitz submits the affidavits of Robert J. Orovitz, the managing partner of the law firm, and Jason S. Dragutsky, an associate attorney, to support the proposition that it maintained procedures reasonably adapted to avoid the filing of time-barred suits. Mr. Orovitz and Mr. Dragutsky state in their affidavits, and Orovitz repeatedly asserts in its papers, "[p]rior to the filing of the underlying lawsuit against Mr. Gaisser, I am not aware of any case that even suggested that any law other than Florida's statute of limitations may be applicable to debt collection actions in which Florida is the forum state." (*Orovitz Aff.* [D.E. 80] at ¶ 9; *Dragutsky Aff.* [D.E. 80] at ¶ 13). Such statements belie the ample precedent supporting the application of the New Hampshire statute of limitations articulated in the August 5 Order, 571 F.Supp.2d 1273, denying Orovitz's motion to dismiss.[3] Much of this precedent existed before Orovitz filed the underlying action or is based on precedent existing before Orovitz filed the underlying suit.

Even more disturbing are the arguments asserted by Orovitz in *Pescatrice*, which directly contradict Orovitz's current assertion of ignorance as to the possibility Florida courts might apply the statute of limitations of another state. In *Pescatrice*, Orovitz itself attached Florida trial court opinions where courts had applied Virginia's statute of limitations in debt collection actions in which the credit agreement included a Virginia choice-of-law provision. (*See Pescatrice* [D.E. 63–6] ). As the court noted, Orovitz argued in Pescatrice, a case where the underlying state action was filed prior to the underlying case here, that Orovitz "did research the issue, and several Miami–Dade circuit judges have ruled that under similar facts, the five-year Virginia statute applies." *Pescatrice*, 539 F.Supp.2d at 1379 (citing *Dep. of Jason Dragutsky*, Exhibit 9 to Defendant's Motion [D.E. 63–5] ).

Furthermore, Plaintiff points to several pre-existing state trial court orders applying foreign statutes of limitations in analogous situations. (*See* [D.E. 99] Exh. 1–4). The undersigned is persuaded Orovitz's apparent failure to locate any of this precedent and realize it may have an impact on the timeliness of the underlying suit raises a sufficient factual question regarding the reasonableness of Orovitz's implemented procedures to preclude summary judgment on the bona fide error defense.

---

WL 2540679, at *11) ("Defendant's intent and whether the error was bona fide are classic issues of fact, inappropriate for resolution on summary judgment.").

3.  *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So.2d 306, 311 (Fla.2000) (citing *Punzi v. Shaker Adver. Agency, Inc.*, 601 So.2d 599 (Fla. 2d DCA 1992)) ("Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy.") (footnote omitted); *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp.2d 1362, 1366 (S.D.Fla.2002) (citations omitted) ("Under Florida rules, statutes of limitations are considered substantive in nature."); *Merkle v. Robinson*, 737 So.2d 540 (Fla.1999); *Stewart v. Hooters of America, Inc.*, Case No. 04–cv–40, 2007 WL 3528685, at *10 (M.D.Fla. Nov. 15, 2007) (citation omitted); *L.W.T., Inc. v. McCorriston*, 2007 WL 5018840, at *2 (Fla.Cir.Ct.2007) (quoting *Bates v. Cook. Inc.*, 509 So.2d 1112, 1114–15 (Fla.1987)) (footnote omitted) ("Statutes of limitation came to be considered more substantive in conflict of law situations because 'a right which can no longer be enforced is shorn of its most valuable attribute.' "); *Lumbermen's Mut. Cas. Co. v. August*, 530 So.2d 293, 295 (Fla.1988) (citation and quotation marks omitted) ("[i]n determining which state's statute of limitations is applicable to a claim for ... benefits, this court recognized a trend away from calling statutes of limitations procedural...."); *Fulton County Administrator v. Sullivan*, 753 So.2d 549, 553 (Fla.1999) (in a choice of law context statutes of limitations are to be treated as substantive law).

With respect to the procedures Orovitz did implement, Mr. Orovitz's affidavit states he: (1) provided training and supervision to attorneys regarding compliance with industry standards and the FDCPA; (2) maintained membership in and attended seminars given by the National Association of Retail Collection Attorneys; (3) subscribed to two email listserves providing constant updates regarding the collection industry and the FDCPA; and (4) conducted his own independent legal research regarding the FDCPA. (*See Orovitz Aff.*). Mr. Dragutsky stated in his affidavit that he: (1) received training and supervision from Robert J. Orovitz regarding compliance with industry standards and the FDCPA; (2) reviewed each complaint and all issues relating to a particular collection file to ensure accuracy to avoid violating the FDCPA and to verify that all suits are filed within the applicable statute of limitations; and (3) determined the action against Gaisser fell within the Florida statute of limitations, which he determined applied based on his experience, knowledge, and training. (*See Dragutsky Aff.*).

Plaintiff points to portions of the depositions of Mr. Orovitz and Mr. Dragutsky Plaintiff claims conflict with the "conclusory" statements made in their affidavits. Mr. Orovitz stated he maintained a research file used by attorneys at the firm, which contained some Florida county court opinions. (*See Orovitz Dep.* [D.E. 102–2] at 66–67). The research file only contained cases in which Orovitz was involved. (*See id.*). Attorneys used the research file as a source of case law and also used an online research database. (*See Dragutsky Dep.* [D.E. 103–2] at 55–58). It is not clear from the record whether the online database contained Florida county court decisions. Orovitz did not provide attorneys access to Westlaw or Lexis Nexis. (*See id.*).

The undersigned is persuaded a question of material fact remains with respect to whether Orovitz has established the bona fide error defense by a preponderance of the evidence. The question of whether Orovitz implemented procedures to reasonably prevent filing time-barred suits, which also implicates whether Orovitz's conduct was intentional, is one for the jury.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion [D.E. 80] is **DENIED**.