LAKE REGION HOTEL CO. v. WILLIAM A. GOLLICK.

149 So. 205.

Division B.

Opinion Filed June 15, 1933.

Rehearing Denied July 18, 1933.

*Edwards & Marchant,* for Appellant;

*E. C. Wimberly* and *Huffaker & Edwards,* for Appellee.

BUFORD, J.—In this case appellant was complainant in the court below and brought suit in chancery to enforce the abatement in the purchase price agreed to be paid for a certain orange grove.

It was in the bill alleged in effect that it was agreed between the mortgagor and the mortgagee that the mortgagor would buy the grove on a price basis of $1500.00 per acre and that the mortgagee assured the purchaser and mortgagor that the grove contained 104 acres, that the grove was

bounded by the meander lines of certain lakes and that it was not possible for the purchaser and mortgagor to ascertain the exact acreage contained in the grove without a survey thereof, but that the mortgagor verily believed the statements made by the mortgagee that the grove contained 104 acres and, so believing, purchased the grove at that price, when in truth and in fact the grove contained only eighty-three acres and that the mortgagee and vendor of the grove then and there well knew at the time that such false representations were made and that the same were false and untrue. That if the mortgagor and purchaser had known that the grove only contained eighty-three acres it would not have executed the mortgage and note, the payment of which is sought to be enforced, but would have agreed to pay only for eighty-three acres at $1500.00 per acre.

It is alleged that as a purchase price complainant-purchaser paid $30,000.00 in cash, assumed and agreed to pay the balance on a first mortgage in the sum of $31,000.00 and assumed and agreed to pay a second mortgage in the sum of $10,000.00 and conveyed to the defendant a certain piece of property situate in Winter Haven, Polk County, Florida, for and at an agreed value of $60,000.00, making a total of $156,000.00.

The bill sought an abatement in the purchase price in the sum of $31,500.00 to be effected by a cancellation of the $25,000.00 mortgage together with a decree for $6,500.00 and to have a lien adjudicated in favor of the complainant against the defendant on the property conveyed by the complainant to the defendant in part payment of the purchase price to enforce the payment by the defendant to the complainant of the balance, $6,500.00, of such abatement in the purchase price.

The defendant filed an answer denying material allega-

tions of the bill of complaint and also pleaded *res adjudicata* of the issues involved. To the answer was attached and made a part thereof a transcript of the record in the former proceedings which was pleaded as *res adjudicata* to the bill of complaint in this case.

The record shows that on motion to strike the amended bill of complaint in the suit pleaded as res adjudicata such motion was granted. The plaintiff in this suit moved to strike paragraphs 13 and 14 of defendant's answer, which paragraphs were as follows:

"XIII. And for further answer to the bill of complaint, the defendant shows to the court that the bill of complaint as to the subject matter thereof, the parties, and the relief prayed for is identical with a previous bill filed by the plaintiff against the defendant in this Court, which said bill was dismissed by this Court for want of equity, and that the plaintiff is barred from maintaining his present bill of complaint by *res adjudicata*.

"XIV. And, answering further, the defendant says that on May 21, 1931, the plaintiff exhibited his bill of complaint in this Court, being Chancery No. 14053, Docket X, Page 639, wherein the plaintiff alleged the same fraudulent representations as set out in the present bill of complaint and prayed for the same relief that plaintiff demands in its present bill of complaint; that on July 6, 1931, the defendant appeared in said cause and on August 3, 1931, the defendant interposed a demurrer to the said bill of complaint for want of equity and upon other grounds, which said demurrer the Court, on September 23, 1931, sustained and gave the plaintiff leave to file an amended bill. That on September 28, 1931, the plaintiff filed its amended bill in said cause, to which, on October 10, 1931, the defendant interposed his motion to dismiss, the said motion specifying as grounds for the dismissal want of

equity in said bill, as well as other grounds, and that on January 30, 1932, the Honorable Harry G. Taylor, one of the Judges of this Court, entered in said cause an order granting the defendant's motion for dismissal and dismissing the amended bill of complaint, and said order was duly filed for record and recorded the same day and date in the public records of Polk County, Florida, in Chancery Order Book 56, page 511. That no appeal was taken by the plaintiff to the said order and the said order remains in full force and effect, the same being a final judgment upon the merits of the said amended bill of complaint and the defendant attaches hereto as a part of his answer certified copies of the said amended bill of complaint, the motion of the defendant to dismiss, and the said order of the Honorable Harry G. Taylor, dismissing the said amended bill, marking the same Exhibits "A," "B," and "C," and the defendant shows to the Court that by virtue of the proceedings had and taken in the said chancery cause, the plaintiff has been barred from maintaining its present suit."

Motion to strike was denied and from that order appeal was taken.

The only question before us for determination in this case is whether or not the plea of *res adjudicata* as set up in the answer is a sufficient plea in bar to the prosecution of the present suit.

In the original suit the complainant sought to recover from the defendant the sum of $30,255.00 as abatement in the purchase price of the property here involved and sought to have a vendor's lien decreed against the property conveyed by the complainant to the defendant to secure the payment of such abatement. In the instant suit the complainant seeks to have cancelled a note and mortgage held by the defendant in the sum of $25,000.00 representing the last installment of the purchase price, and in addition

thereto to have decreed the payment of an additional $6,500.00 as abatement in the purchase price. In the original suit the right of the complainant to have the note and mortgage cancelled was not involved and was not adjudicated.

In Gray v. Gray, 91 Fla. 103, 107 Sou. 261, this Court held:

"When the cause of action is the same, in order to make a matter *res adjudicata* there must be concurrence of the following conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action and (4) identity of the quality in the persons for or against whom the claim is made. Yulee v. Canova, 11 Fla. 9, text 56; Bouvier's Law Dictionary, Vol. 3, p. 2910."

The thing sued for in the instant case is not identical with the thing sued for in the case pleaded as *res adjudicata*. Under authority of the opinion and judgment in the case of Gray v. Gray, *supra,* the complainant's right to a decree for a lien upon the property conveyed by the complainant to the defendant to enforce the payment of a part of the abatement in the purchase price was adjudicated in the original suit and insofar as that phase of the case is concerned, the judgment in that suit became *res adjudicata,* but it is not so as to the complainant's right to cancellation of the note and mortgage. That a note and mortgage may be cancelled under such conditions as are allaged to exist in this case is settled in this jurisdiction by the opinion and judgment in the case of Firstbrook v. Buzbee, *et al.,* 101 Fla. 876, 132 Sou. 673.

Therefore, the order appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, and TERRELL, J. J., concur.