PEARSON, Judge.
The plaintiff, The Second National Bank of North Miami, attempted to foreclose a mortgage supported by a note which it took on assignment. The trial court found that the Bank was not a holder in due course and that the note and mortgage were subject to the defense that they were fraudulently procured by Avance Enterprises, Inc.[1] After trial, the court held that the mortgage was fraudulently procured and can-celled the mortgage instead of reforming the note and mortgage.
On this appeal, it is urged by the Bank, as appellant, that the determination that it was not a holder in due course was the application of an incorrect rule of law. The facts concerning the transaction as they affect the Bank’s standing as a holder in due course are not in dispute. The Bank took the mortgage on assignment without an endorsement of the note and did not notify the maker of the note of the assignment until payment of interest was due. The conclusion of the trial judge that the Bank was not entitled to claim as a holder in due course is fully supported by Section 673.202, Florida Statutes (1977), which provides as follows:
“673.202 Negotiation. —
“(1) Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery.
“(2) An indorsement must be written by or on behalf of the holder, and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.
“(3) An indorsement is effective for negotiation only when it conveys the entire instrument or any unpaid residue. If it purports to be of less it operates only as a partial assignment.
“(4) Words of assignment, condition, waiver, guaranty, limitation or disclaimer of liability and the like accompanying an indorsement do not affect its character as an indorsement.”
The appellant Bank also urges that the finding of fraud in the procurement of the note and mortgage is not sufficient to support a cancellation of the note and mortgage. The factual findings contained in the final judgment as they relate to the fraud are as follows:
“a. Relying on the fraudulent representations of AVANCE ENTERPRISES, INC., G.M.T. PROPERTIES, INC., purchased Tract ‘M’ together with plans, specifications, building permits, and governmental approval for the construction of an 81-unit apartment building, for an agreed purchase price of $243,000.00, paying in cash at the time of closing $117,-500.00 and giving its note and purchase money mortgage for the balance of $125,-500.00.
“b. G.M.T. PROPERTIES, INC., relying on the fraudulent representations of AVANCE PROPERTIES, INC., and the issuance of the permit by Monroe County of an 81-unit apartment building on the said Tract ‘M’, did not need to make any further inquiry concerning the misrepresentation of the dimension of Tract ‘M’. The Court finds that the misrepresentation was made by a licensed engineer with the authority to make such representations, and the approval by the building authority does not cause the defendant G.M.T. PROPERTIES, INC., to be negligent under such circumstances in failing to learn that 81 units could not be placed on said mortgaged premises.
*61 “c. That subsequent zoning restrictions further decrease the value of the land in restricting the number of units that may be constructed on the premises, reducing the number of units even less than the number of units which could have been placed on the parcel of land purchased.
“d. The Court finds THE SECOND NATIONAL BANK OF NORTH MIAMI acted unseemly in not only. failing to make itself a holder in due course as adjudicated by the Court, but also failed to give proper and timely written notice of the assignment of the $125,500.00 mortgage and the several renewals of the $100,000.00 promissory note, including the renewal of said note after the complaint for foreclosure was filed.
“e. Testimony reveals that Parcel ‘M’ has a value of approximately $60,000.00 at the time of hearing, being far less than the cash consideration paid at the time of closing, and the Court is of the opinion that the defendant is entitled to a cance-lation of the purchase money mortgage since the defendant was induced to purchase by fraud and misrepresentation of the seller, and the plaintiff, by its own negligence, is not a holder in due course and is subject to all the defenses available to the defendant against the original mortgagee, AVANCE ENTERPRISES, INC.”
We find that the record contains competent, substantial evidence to support these findings and appellant’s attack upon them must fail.
The relief granted by the trial judge is appropriate to the situation and is approved under circumstances similar to this case in the holdings of Lake Region Hotel Co. v. Gollick, 111 Fla. 64, 149 So. 205 (1933); and Firstbrook v. Buzbee, 101 Fla. 876, 132 So. 673 (1931). See also Platt v. Deese, 298 So.2d 573 (Fla. 1st DCA 1974).
Appellant’s remaining point directed to the finding of the court concerning the value of the property is not supported by the record. It is clear that that portion of the final judgment referring to value at the time of trial is the trial judge’s attempt to show that cancellation is not an inequitable remedy under the circumstances of this case.
Affirmed.

. the original mortgagee