575 So.2d 788 (1991)
Alfons WALZ, Appellant,
v.
Alejandro Adolfo VON SCHWEIGER, and Deutsch-Sudamerikanische Bank Ag, Miami Agency, a Foreign Corporation, Appellees.
DEUTSCH-SUDAMERIKANISCHE BANK AG, MIAMI AGENCY, a Foreign Corporation, Appellant,
v.
Alfons WALZ, et al., Appellees.
Nos. 90-2058, 90-2556.
District Court of Appeal of Florida, Third District.
March 12, 1991.
*789 Friedman, Baur, Miller & Webner and Dale F. Webner, for Alfons Walz.
Paul, Landy, Beiley & Harper and Barry D. Hunter, for Deutsch-Sudamerikanische Bank.
Elena Moure-Domecq, for Alejandro Adolfo Von Schweiger.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
BARKDULL, Judge.
In these consolidated appeals, plaintiff/appellant/cross-appellee, Alfons Walz (Walz), appeals the dismissal of a quasi-in-rem complaint and the dissolution of a temporary injunction on the basis of lack of jurisdiction. Deutsch-Sudamerikanische Bank, Ag, (DSB), the defendant/cross and counterclaimant in interpleader, cross-appellee/appellant, appeals from a Final Order denying DSB's Emergency Motion to Deposit Funds in the Court Registry.
In March 1990, plaintiff, Alfons Walz (Walz), a resident of West Germany, retained the defendant/appellee, Alejandro Adolfo Von Schweiger (Von Schweiger), a resident of Brazil, to purchase gold in Brazil for shipment to Walz in Switzerland. Walz deposited US$4.2 million in his account in Paraguay and gave Von Schweiger the power of attorney to withdraw funds for the purpose of purchasing the gold. Von Schweiger alleges that the contract specified that venue and jurisdiction would be at the agreed place of delivery of the gold, Geneva, Switzerland. Von Schweiger withdrew US$3,786,604.00 (US$2 million cash and US$1.75 million by check) from the bank account in Paraguay. The check was made payable to Von Schweiger's attorney in Paraguay. From the US$1.75 million of Walz' money delivered to the attorney in Paraguay, Von Schweiger caused US$1.464 million to be deposited in DSB in Dade County, Florida. Von Schweiger has not purchased any gold for Walz and has refused to account to him for the disposition of the money or return the money to Walz.[1]
In June, 1990, Walz filed a quasi-in-rem Complaint against Von Schweiger and DSB, initially seeking only damages to the extent of the money in the DSB account and injunctive relief. Along with the Complaint, Walz filed an Emergency Motion for Injunctive Relief, which was granted by the trial court on July 2, 1990, which prevented the further transfer of the funds pending final determination of the action. Thereafter, Von Schweiger filed a Motion to Dismiss and Motion for Dissolution of Temporary Injunction. During the interim, Walz amended the Complaint by adding two counts for breach of contract and conversion, or alternatively, a Motion for Prejudgment Writ of Garnishment and tendered to the trial court a garnishment bond, double the amount of the funds on deposit at DSB.
On August 2, 1990, the trial court heard all pending motions and entered its Order granting the Motion to Dismiss, granting the Motion for Dissolution of Temporary Injunction and denying the Motion for Prejudgment Writ of Garnishment, because of a lack of personal jurisdiction. Following the hearing, counsel for Walz advised counsel for DSB that if it refused to accept the bond and instead released the account pursuant to the trial court Order, that Walz would sue DSB for aiding and abetting Von Schweiger's alleged embezzlement.
In response to Walz' threat to sue, DSB filed a Verified Cross/Counterclaim in Interpleader and an Emergency Motion to Permit it to Deposit the Subject Funds into the Court Registry. The trial court, without holding a hearing, entered an Order denying DSB's Emergency Motion, and on the same date entered an Order Dissolving the Temporary Injunction and Dismissing the Complaint, which was then stayed pending review by this court.
We hold that pursuant to the following authority, the trial court has jurisdiction over the funds and may adjudicate the *790 rights of the parties under the contract. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); John N. John, Jr., Inc. v. Brahma Petroleum Corp., 699 F. Supp. 1220 (W.D.La. 1988), aff'd, 878 F.2d 1433 (5th Cir.1989); Venetian Salami Company v. Parthenais, 554 So.2d 499 (Fla. 1989); Ben M. Hogan Co., Inc. v. QDA Investment Corp., 570 So.2d 1349 (Fla. 3d DCA 1990); Majique Fashions Ltd. v. Warwick & Co., 67 A.D.2d 321, 414 N.Y.S.2d 916 (1979).[2]
Von Schweiger cannot be heard to complain of the jurisdiction, since he or his agent chose to deposit the funds in this jurisdiction. We reverse the order of dismissal with directions to reinstate the cause. We reverse the order denying Interpleader with directions to permit same.
Reversed and remanded with directions.
NOTES
[1] These facts are undisputed. See and compare Venetian Salami Company v. Parthenais, 554 So.2d 499 (Fla. 1989).
[2] Under the admitted facts, this quasi-in-rem action is governed by that portion of the opinion in Shaffer v. Heitner, supra, citing Hanson v. Denckla, 357 U.S. 235, 246 n. 12, 78 S.Ct. 1228, 1235 n. 12, 2 L.Ed.2d 1283 (1958), which reads in part as follows:

"A judgment in rem affects the interests of all persons in designated property. A judgment quasi in rem affects the interests of particular persons in designated property. In one, the plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons. In the other the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him." (emphasis added.) Shaffer v. Heitner, 433 U.S. 186, 199, n. 17, 97 S.Ct. 2569, 2577, n. 17, 53 L.Ed.2d 683, 694, n. 17 (1977).