651 So.2d 776 (1995)
Antonio F. MENDES, et al., Appellants,
v.
DOWELANCO INDUSTRIAL LTDA., Appellee.
DOWELANCO INDUSTRIAL LTDA., Appellant,
v.
Antonio F. Mendes, et al., Appellees.
Nos. 94-786, 94-872.
District Court of Appeal of Florida, Third District.
March 8, 1995.
*777 Alan S. Fine, Miami, for Antonio F. Mendes, et al.
Weil, Lucio, Mandler, Croland & Steele and Ronald P. Weil and John C. Hanson, II, Miami, for Dowelanco Indus. LTDA.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
Both sides challenge an order staying the cause in its entirety pending the resolution of an action, involving the same parties and issues, which is being maintained in Brazil. To make a very long story appropriately short for present purposes, the plaintiff, Dowelanco Industrial, LTDA., a Brazilian corporation, claims that multiple Brazilian corporate and individual defendants embezzled a great deal of money from it in Brazil and eventually placed over one million dollars of it in several South Florida banks. In the present action, Dowelanco sued the Brazilian defendants on various counts, including for civil theft, to impose a constructive trust for conversion, and for RICO violations. At the commencement of the proceeding, it secured an ex parte temporary injunction freezing the bank accounts. In the order now under review,[1] the trial court stayed the entire litigation *778 including the defendants' various attacks on the validity of the temporary injunction. We approve the order in part and reverse it in part.

I.
First, we reject Dowelanco's contention that the trial court should not have stayed its substantive claims and that the entire litigation should therefore go forward in Florida. As the trial court stated:
[A]ll of the parties (other than the Stakeholder Defendants) are Brazilians in Brazil, they were served in Brazil (the validity of that service is an issue awaiting resolution), the language of the parties as well as the documentation is Portuguese, and there is a lawsuit proceeding in Brazil. Stay of these proceedings is an appropriate means of accomplishing resolution of the dispute in Brazil. .. .
It is obvious that there was no abuse of discretion in this ruling. See Carolina Power & Light Co. v. Uranex, 451 F. Supp. 1044 (N.D.Cal. 1977); Klein v. Superior Court, 198 Cal. App.3d 894, 244 Cal. Rptr. 226 (1988); Barclays Bank, S.A. v. Tsakos, 543 A.2d 802 (D.C. 1988); 1 Fla.Jur.2d Actions §§ 40-41 (1977).

II.
On the Brazilian defendants' appeal from that portion of the order under review which continued the temporary injunction freezing the bank accounts, we reverse in part.
1. The defendants' primary contention is that the application of the doctrine of forum non conveniens requires an outright dismissal of the case. We do not agree with this position. Even if  as we are inclined to believe but find it unnecessary directly to determine  the doctrine applies to this case, see Envases Venezolanos, S.A. v. Collazo, 559 So.2d 651 (Fla. 3d DCA 1990), it is permissible to do just what the trial court did here: refer the substantive issues to a much more convenient location, while maintaining jurisdiction over assets of the defendants in the forum for satisfaction of any judgment the plaintiff may secure. Barclays Bank S.A. v. Tsakos, 543 A.2d at 802 so holds upon a complete and persuasive analysis of the problem which we adopt for ourselves.
*779 2. Such a ruling is obviously appropriate only, however, if the defendants' assets  their Florida bank accounts  are properly the subject of the orders of the Florida court. It is thus improper, in turn, to hold the defendants' property in indefinite limbo without a ruling  which the lower court has never made  as to whether this is the case or not. See Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 405 (Fla. 1977). Hence, we vacate the stay of the pending motions attacking the temporary injunction and the jurisdiction of the court and order a prompt hearing and resolution of those motions.[2]
Affirmed in part, reversed in part.
NOTES
[1] * * * * *
After almost two years of litigation (the initial complaint was filed 5/15/92) the case posture is such that issues relating to the validity of service of process remain to be resolved, evidencing a significant lack of progress toward ultimate resolution of the case, notwithstanding the fact that the court files have swelled to nine volumes, a great portion of which consists of Portuguese documents and translations of those documents.
With the currently assigned undersigned judge, the litigants attempted resolution of some of the preliminary issues beginning with those relating to service of process as mentioned above. Hearing was scheduled for evidence as to Brazilian law and procedure on service of process  with Brazilian legal experts brought to Miami to testify on the propriety of the attempted service, but that hearing had to be deferred because of the attorneys' scheduling conflicts. Among the other preliminary issues awaiting resolution is a motion of 15 of the defendants (none of whom include those designated in the Amended Verified Complaint as "Stakeholder Defendants") for dismissal under the doctrine of forum non conveniens. This court determined that that issue should be resolved first, and therefore invited memoranda and conducted a hearing. This order addresses that issue.
The case involves the alleged improper removal by the defendants (not the Stakeholder Defendants) of funds of the plaintiff. All of the parties  some 24 in number  (other than the Stakeholder Defendants) are Brazilians (two defendants, Dayse Cristina Quevedo and Jodemar Catharini, were alleged in the complaint to be residents of Dade County, Florida, but neither has been served). The parties acknowledge that there is a civil action pending in Brazil involving the same parties and the same subject matter.
Remaining active is the Amended Ex Parte Order Granting Temporary Injunction entered 5/18/92, which in effect froze the accounts of the non-stakeholder defendants held in the Stakeholder Defendant Institutions.
The defendants' motion argues for dismissal because "[t]he case was brought by a Brazilian corporation against Brazilian residents for tortious acts they are alleged to have committed in Brazil."
The Plaintiff's opposition is based, among other reasons, on the allegations that the defendants traveled to this forum, they used agents in this state to divert proceeds of their involvement in a criminal enterprise, they continue to own property in Florida which is part of those proceeds, that the Stakeholder Defendants hold funds which constitute the res of a constructive trust, and that dismissal would allow the funds to dissipate.
The plaintiff reminds the court that dismissal for forum non conveniens is only appropriate when all of the parties are citizens of and the cause of action accrued in another jurisdiction. Envases Venezolanos, S.A. v. Collazo, 559 So.2d 651 (Fla. 3d DCA 1990). Also the supreme court in Houston v. Caldwell, 359 So.2d 858 (Fla. 1978) stated (at page 861) that "[i]f venue has been properly established because one of the parties is a resident of this state, then the suit may not be dismissed because another state may be more appropriate."
Although it could be argued that the real parties to this lawsuit (as distinguished from the Stakeholder Defendants) are Brazilians, the court concludes that dismissal would still be inappropriate, mainly because of the realistic potential for dissipation of the funds now frozen pursuant to the injunction referred to above.
It is assumed that the action here was initiated first (in one of the parties' memoranda it was mentioned that the action in Brazil was started in May of 1993) and therefore the lawsuit here ordinarily should be the one to proceed. See Sunshine State Service Corporation v. Dove Investments of Hillsborough, 468 So.2d 281 (Fla. 5th DCA 1985) (at page 284). Also, it is axiomatic that a plaintiff has the right to choose the location of the jurisdiction in which to bring litigation (assuming, of course, that there is a legal basis for doing so  as is the case in this lawsuit).
Given all of the above, it is nevertheless the opinion of this court that Brazil is the proper forum for resolution of this dispute. The overriding considerations are the facts that all of the parties (other than the Stakeholder Defendants) are Brazilians in Brazil, they were served in Brazil (the validity of that service is an issue awaiting resolution), the language of the parties as well as the documentation is Portuguese, and there is a lawsuit proceeding in Brazil. Stay of these proceedings is an appropriate means of accomplishing resolution of the dispute in Brazil, while still protecting the funds in the hands of the Stakeholder Defendants. See e.g. A.J. Armstrong Co. v. Romanach, 165 So.2d 817 (Fla. 3d DCA 1964) (reversed for other reasons, 172 So.2d 444), 1 Fla Jur 2d, Actions, section 36 et seq. Accordingly, it is therefore
ORDERED AND ADJUDGED that this action is stayed pending resolution of the litigation between the parties in Brazil. The Amended Ex Parte Order Granting Temporary Injunction dated May 18, 1992 shall remain in full force and effect during the pendency of the stay and until further order of this court.
[2] While their resolution is in the first instance for the trial court alone, see City of Coral Gables v. Puiggros, 376 So.2d 281, 284-85 (Fla. 3d DCA 1979), we point out that the motions involve very substantial issues, including (1) whether the plaintiff has secured personal or quasi in rem jurisdiction over the defendants or the funds under the law of Florida, see Walz v. Von Schweiger, 575 So.2d 788 (Fla. 3d DCA 1991); British-American Ins. Co. v. Cladakis, 321 So.2d 448 (Fla. 3d DCA 1975); Consumers United Ins. Co. v. Syverson, 227 Mont. 188, 738 P.2d 110 (1987); Deutsche Anlagen-Leasing GMBH v. Kuehl, 111 A.D.2d 69, 489 N.Y.S.2d 195 (1985); see also Griffin v. Zinn, 318 So.2d 151 (Fla. 2d DCA 1975); (2) whether, if so, Florida jurisdiction may be permissibly asserted under the due process clause of the United States Constitution, see Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); Syverson, 227 Mont. at 188, 738 P.2d at 110; Banco Ambrosiano v. Artoc Bank & Trust Ltd., 62 N.Y.2d 65, 476 N.Y.S.2d 64, 464 N.E.2d 432 (1984); see also Tabet v. Tabet, 644 So.2d 557 (Fla. 3d DCA 1994), and (3) whether a claim for injunctive relief properly lies, see ITT Community Dev. Corp. v. Barton, 457 F. Supp. 224 (M.D.Fla. 1978); Barbouti v. Lysandrou, 559 So.2d 648 (Fla. 3d DCA 1990); Korn v. Ambassador Homes, Inc., 546 So.2d 756 (Fla. 3d DCA 1989); Banco Industrial de Venezuela v. Suarez, 541 So.2d 1324 (Fla. 3d DCA 1989); Oxford Int'l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). See generally FMC Corp. v. Varonos, 1988 WL 116825 (N.D.Ill.), aff'd, 892 F.2d 1308 (7th Cir.1990). (The apparent inadequacy of the injunctive bond may also be in question.)