797 So.2d 594 (2001)
Siegfried OTTO'S HEIRS, et al., Appellants,
v.
Thomas KRAMER, et al., Appellees.
No. 3D00-3230.
District Court of Appeal of Florida, Third District.
August 15, 2001.
Rehearing and Rehearing Denied November 6, 2001.
*595 Hunton & Williams and Vance E. Salter and Christopher N. Johnson, Miami, for appellants.
Thomson, Muraro, Razook & Hart and Carol A. Licko, Miami; Greenberg Traurig and Hilarie Bass and Elliot H. Scherker and Elliot B. Kula, West Palm Beach, for appellees.
Before GERSTEN and SHEVIN, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied November 6, 2001.
NESBITT, Senior Judge.
In December, 1991, Siegfried Otto, a prominent and successful German businessman, entrusted some $145 million to his then son-in-law, Thomas Kramer. Kramer invested approximately $100 million thereof in various Florida business entities and real properties situated on Miami Beach. Under the parties' agreement, Kramer was to make periodic payments to Otto. The deal soured and Otto commanded the immediate return of his money. The dispute resulted in a written agreement whereby Kramer would return $20 million to Otto immediately, and make continuing additional payments. The agreement contained a forum selection clause wherein the parties agreed to bring any suit against one another in the courts of Switzerland.
Thereafter, Kramer initiated in the Swiss courts that which we would consider a declaratory judgment, seeking a determination that Kramer had fulfilled all his obligations to Otto. A few days after Kramer filed his Swiss suit, Otto, arguing various grounds, brought an action in the Eleventh Judicial Circuit of Florida, seeking to recover the money he claimed he was still due. The Florida court dismissed the action, (herein, Kramer I), on the specified grounds of forum non conveniens. While it seems to us that a more appropriate available ground may have been the *596 forum selection clause contained in the parties' agreement, in any case, the Florida suit was dismissed without prejudice.
Otto then defended the Swiss action, wherein he also brought a counter-claim seeking recovery of his money. During the pendency of that action, Otto died and his heirs at law were substituted as parties Plaintiff. Some four years later the Swiss court resoundingly concluded that the parties' settlement agreement was valid and fully enforceable by Otto's heirs. In that order, the Swiss court termed Kramer's position as "dubious" "groundless" and "quite simply incomprehensive". Accordingly, the Swiss court entered a partial final judgment, determining the heirs were entitled, at that point, to some $90,834,469.16. Also, the Swiss court retained jurisdiction to supervise an accounting to determine what additional sums Kramer might owe the heirs. Kramer appealed the Swiss ruling and that judgment is presently stayed pending appeal.[1]
In July 2000, Otto's heirs brought the present action seeking a pure bill of discovery and constructive trust against Kramer and the multiple corporations in which Kramer allegedly held a controlling or substantial interest. The circuit court dismissed the claim of Otto's heirs apparently on the basis of res judicata[2] and forum non conveniens. We cannot agree with the trial court's conclusion. We reject out of hand Kramer's argument that the second Florida action was barred by res judicata. With equal certitude, we conclude that an application of the forum non conveniens factors set forth in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), could not support the trial court's decision.
First, the order in Kramer I was entered without prejudice. It is apodictic that the doctrine of res judicata applies only when there has been a determination on the merits of the controversy. See Prestige Rent-A-Car v. Advantage Car Rental and Sales, 656 So.2d 541 (Fla. 5th DCA 1995)(concluding dismissal in New York was based on a lack of jurisdiction and was not a determination on the merits and therefore, not a bar to proceedings). See also Thomson McKinnon Securities, Inc. v. Slater, 615 So.2d 781 (Fla. 1st DCA 1993); Houswerth v. Neimiec, 603 So.2d 88 (Fla. 5th DCA 1992). It is true that the first order did, at that time, constitute the law of the case. However, that order has now merged into the Swiss partial final judgment. See Skinner v. Skinner, 579 So.2d 358 (Fla. 4th DCA 1991). Consequently, the court's order in Kramer I, is of no force in the present action.
Moreover, in order to invoke the doctrine of res judicata, we know the following must apply:
Four identities are essential for the doctrine to apply. They are identity of the thing sued for, the cause of action, the parties to the action and the quality of the parties for or against whom the claim is made.
Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 25-13 (1996 *597 ed.)(citing Lake Region Hotel Co. v. Gollick, 111 Fla. 64, 149 So. 205 (1933)).
Plainly, in Kramer I, Otto was attempting to recover monies under a substantive claim right. In the present case, Otto's heirs seek to garner the information. Consequently, the legal question at issue is different from that addressed in Kramer I. In sum, res judicata is no bar to the instant claim.
In so ruling we have not overlooked appellees' argument that Otto, having failed to request that the Florida court retain jurisdiction over Kramer's Florida assets in Kramer I, should be barred from the discovery he seeks herein. We do not, however, agree. In Mendes v. Dowelanco Industrial, LTDA., etc., et al., 651 So.2d 776 (Fla. 3d DCA 1995), we observed that a trial court could refer substantive issues to a more convenient location while maintaining jurisdiction over assets of defendants in the forum for satisfaction of any judgment plaintiff might secure. Again, in Kinney, supra, the court observed that a dismissing court's order could retain jurisdiction over assets located within Florida where those assets are at issue in the dismissed case, including assets necessary to satisfy any judgment in the alternative forum. These opinions, rather than precluding the relief sought herein, support our decision to reverse the order under review. They demonstrate only a potential need and avenue for relief open to a litigant, with the equities of the situation being determinative. See Barclays Bank, S.A. v. Tsakos, 543 A.2d 802, 808 (D.C. 1988). Likewise, when solely discovery as to Florida assets is at issue, as is presently the case, an effective forum non conveniens argument simply cannot be made.
Similarly, our adherence to the doctrine of comity in no way bars the relief sought. In Nahar v. Nahar, 656 So.2d 225, 229 (Fla. 3d DCA 1995), we observed our commitment to affording comity generally to foreign judgments "where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction and where the foreign decree does not offend the public policy of the State of Florida." In Nahar, we noted by way of dicta that same principle of judicial deference could apply to orders involving creditors rights. As stated above, both Mendes, supra and Kinney, supra, recognize that jurisdiction might be retained over assets where substantive claims are transferred and pursued in a more convenient forum. The reason why creditors rights receive special benefits is apparent. If assets of the debtor are not identified, the ultimate final judgment may become a hollow victory for the litigant.
We are told by Kramer that applying the doctrine of comity, we must respect the Swiss court's stay and take no action to enforce the judgment in the heirs' favor. We entirely agree. We cannot, however, see how we would violate the doctrine of comity or interfere with the Swiss court in any way, by permitting the heirs to take discovery so that they will be in position to satisfy any judgment ultimately recovered. In fact, by doing so, we think we are aiding and supporting the action thus far taken in the Swiss courts. Moreover, should it become necessary to exercise in rem jurisdiction over any Florida assets, this is certainly a matter which a Swiss court would not be in a position to do. See Barclays Bank, S.A., 543 A.2d at 807. Supporting our decision, is the unrefuted assertion by Otto's heirs that Switzerland has no rule, statute, or procedure against parties availing themselves of prejudgment remedies in the jurisdictions where assets are located, such as the bill of discovery at issue here.
*598 By way of recapitulation, we reverse the order under review and remand with directions that the count of the heirs' complaint seeking a constructive trust be abated, but that the count seeking discovery go forward. Should discovery reveal unexplained asset depletion or substantial liquidation and or transfer of assets beyond our jurisdiction, or any other actions of like import, we think it would be entirely proper and we would endorse the appellants seeking some provisional relief from the stay entered by the Swiss courts. Of course when the Swiss court's judgment is finalized, the heirs may seek to domesticate and enforce it here under section 55.601 Florida Statutes (2000).
Reversed and Remanded.
NOTES
[1] Under Swiss law, the filing of a notice of appeal and the posting of a cost bond, which in this case was approximately a half million dollars, is all that is required to stay the enforcement of a judgment. For this reason, the Swiss judgment may not be enforced under § 55.601 Fla. Stat. (2000), at this time. Otto's heirs do not challenge the lack of a supersedeas bond on any basis and consequently, we do not reach that issue.
[2] The determination of the trial court to dismiss "with prejudice" standing alone is prejudicial because it might be interpreted as forever foreclosing Otto's heirs from ever seeking to collect and satisfy a money judgment against Kramer in Florida.