[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15019

_____

D. C. Docket No. 02-21931-CV-KMM

LISA, S.A.,
a Panamanian corporation,

Plaintiff-Appellant,

versus

DIONISIO GUTIERREZ MAYORGA,
JUAN JOSE GUTIERREZ MAYORGA,
IVAN BOEHME,
LUIS FERNANDO VILLAVERDE,
MARIA ESPERANZA MAYORGA
DE GUTIERREZ, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 11, 2007)**

Before CARNES and WILSON, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:

Before us for review is the judgment of the district court dismissing on forum non conveniens grounds the lawsuit filed by Lisa, S.A. against various individual and corporate defendants. We afford district courts "substantial discretion" in forum non conveniens matters, Leon v. Millon Air, Inc., 251 F.3d 1305, 1310 (11th Cir. 2001), and will reverse only for a clear abuse of discretion, Membreno v. Costa Crociere S.P.A., 425 F.3d 932, 935–36 (11th Cir. 2005) (per curiam).

Lisa, S.A. contends that the district court should not have granted the dismissal because the defendants delayed filing their motion to dismiss on forum non conveniens grounds and that delay caused it severe prejudice. This contention is not properly before us because Lisa S.A. failed to raise it in the district court. United States v. Zinn, 321 F.3d 1084, 1090 n.7 (11th Cir. 2003) ("the district court is not expected to read minds or independently conceive of every possible argument a party might raise"); U.S. Equal Employment Opportunity Comm'n v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) ("Failure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal."

* Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

(quotation omitted)); Irving v. Mazda Motor Corp., 136 F.3d 764, 769 (11th Cir. 1998) ("We cannot allow Plaintiff to argue a different case from the case she presented to the district court. Because Plaintiff failed to make this argument in the district court, we decline to consider it here."); Stewart v. Dep't of Health & Human Servs., 26 F.3d 115, 115 (11th Cir. 1994) ("Judicial economy is served and prejudice avoided by binding the parties to the facts presented and the theories argued below." (quotation omitted)).

Lisa, S.A.'s assertion that it did make this argument in the district court "though admittedly inartfully stated," essentially concedes that the argument was not clearly presented. Clear presentation is required. United States v. Houston, 456 F.3d 1328, 1338 (11th Cir. 2006) (a litigant with a proposition to press on the district court "should raise that point in such clear and simple language that the trial court may not misunderstand it," and "[w]e generally do not address on appeal arguments not clearly presented to the district court" (quotation omitted)). In any event, we would not be persuaded by the argument even if it were properly before us, because there was no undue delay. The defendants filed their forum non conveniens motion less than a month after this Court issued its mandate vacating the district court's stay of the proceedings.

Lisa S.A also contends that it does not have an available remedy in

3

Guatemala. Ordinarily, the availability requirement "will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22, 102 S. Ct. 252, 265 n.22 (1981). The district court found that the defendants' consent to Guatemalan jurisdiction made them amenable to process there, which was a finding it was free to make from the conflicting expert affidavits that were filed on the subject. Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1282–83 (11th Cir. 2001) (per curiam); see also Ford v. Brown, 319 F.3d 1302, 1310–11 (11th Cir. 2003). Besides, the dismissal without prejudice, which permitted Lisa S.A. to reinstate the case if it was unable to refile in Guatemala, protected it. Ford, 319 F.3d at 1310–11.

Nor are we convinced that the district court abused its discretion in concluding that the Guatemalan judicial system provided an adequate alternative forum for the lawsuit. Lisa S.A.'s evidence did not clearly establish to the contrary and, as the district court pointed out, every court to address the issue has reached the same conclusion. While the Guatemalan courts are not perfect, "[a]n adequate forum need not be a perfect forum." Satz, 244 F.3d at 1283.

AFFIRMED.

4