992 So.2d 413 (2008)
LISA, S.A., Appellant,
v.
Juan Luis Bosch GUTIERREZ, et al., Appellees.
No. 3D07-1581.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Carey Rodriguez Greenberg & Paul, and Juan J. Rodriguez and Robert H. Thornburg and Allison J. Cammack, Miami; Arnstein & Lehr and Hilda Piloto, Miami, for appellant.
Astigarraga Davis Mullins and Grossman, and Jose I. Astigarraga, and Edward H. Davis, Jr., and Edward M. Mullins and Annette C. Escobar, Miami, for appellees.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Lisa, S.A., a Panamanian corporation, appeals a final judgment dismissing Lisa's second amended complaint on grounds of forum non conveniens. Because the underlying claims involve Lisa's interests in a Guatemalan corporation (Avicola, a poultry production and fast-food chicken group) and against certain Guatemalan shareholders of Avicola who purportedly "stole" Lisa's one-third share of that corporation's corporate assets and profits, we find no error whatsoever in the trial court's analysis *414 and dismissal based on Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). As noted in the judgment of dismissal, this Court and the United States District Court for this District have determined that the courts of Guatemala are an adequate alternative forum.
Lisa argues, however, that its "in rem" claims against ninety-four specific Florida-based (or at least Florida-registered) assetsincluding bank accounts, securities accounts, residences and other real estate, aircraft, motor vehicles, and watercraft should not have been dismissed. The second amended complaint alleges that these assets either comprise or were purchased with the proceeds of the named defendants' theft of funds and property from Avicola. This issue presents a separate and closer question based on our decisions approving the retention of jurisdiction over those assets of a defendant in this forum for satisfaction of any ultimate judgment that the plaintiff might obtain in a foreign forum. See Beta Real Corp. v. Graham, 839 So.2d 890, 892 n. 4 (Fla. 3d DCA 2003); Otto's Heirs v. Kramer, 797 So.2d 594, 597 (Fla. 3d DCA 2001); Mendes v. Dowelanco Industrial LTDA., 651 So.2d 776, 778 (Fla. 3d DCA 1995).
On the facts and procedural history of this long-running and multi-pronged group of claims,[1] however, Lisa has failed to demonstrate any error in the dismissal of the in rem claims with the dismissal of the personal claims against the individual and corporate appellees. For the reasons which follow, we therefore also affirm that portion of the judgment below.

Following the MoneyGlobally
With the increasing use of electronic funds transfers and the affection of foreign citizens, companies, and governments for investment in U.S. assets, the forensics of tracing cash from foreign companies and banks into U.S. accounts and "hard" assets has become a separate legal and accounting specialty. Here, as in many previous cases, Miami finds itself the alleged repository of money and assets purportedly misapplied by wrongdoers in other countries. In Kinney System, the Florida Supreme Court adopted the federal doctrine of forum non conveniens to further restrain "a limitless warrant to bring the world's litigation here." 674 So.2d at 92. That opinion commended, however, "Judge Schwartz's persuasive analysis in Mendes," and approved the retention of jurisdiction "over assets located within Florida where those assets are at issue in the dismissed case." Id. (citation omitted).
In this case, Lisa alleged that the ninety-four specific assets located (or, in the case of motor vehicles, aircraft, and boats, registered) in Florida comprised, or were acquired with the proceeds of, the alleged diversions of assets and profits from Avicola, the Guatemalan corporation. Under the principle of local or ancillary jurisdiction over Florida assets described in Mendes and approved in Kinney System, therefore, Lisa argues that the trial court threw out the baby with the bath water when it dismissed all claims without specifically retaining jurisdiction over the "in rem" Florida assets.
But Lisa has already had its bite at this particular apple, and to no avail. In the *415 opening days of this ten-year campaign, Lisa sought and was granted an injunction (without notice) prohibiting the defendants from dissipating the Florida assets said to have been acquired through the wrongful acts. In late 2005, the defendants and two affected non-parties moved to dissolve the injunction. Lisa and its expert witness admitted that Lisa could not trace or tie the Florida funds and assets to the wrongful acts of the defendants alleged in the second amended complaint. In January 2006, the injunction was dissolved, Lisa appealed, and this Court affirmed per curiam.[2]
Because Lisa has not tied the Florida assets to the allegedly-wrongful acts of the defendants and the claims that will now be adjudicated in Guatemala, the Florida circuit court fairly concluded that the Florida assets are not "at issue in the dismissed case," as in Kinney System and Mendes. Without such a predicate, there is simply no basis for a Florida court to retain limited and local jurisdiction over the assets as the case itself heads south.
If Lisa obtains sufficient evidence in its case in Guatemala to demonstrate that an asset in Florida actually belongs to Lisa, Florida remedies may then be sought. Similarly, if Lisa obtains a judgment in Guatemala establishing such ownership or otherwise entitling Lisa to seek collection against Florida properties, our principles of comity would then provide appropriate opportunities for recognition and enforcement of that judgment.
Affirmed.
NOTES
[1] This is the third of four cases here. In 1998 and 1999, Lisa launched two circuit court actions and a parallel federal RICO lawsuit asserting different, but related, claims regarding alleged wrongdoing within Avicola and among its Guatemalan shareholders. The federal case was dismissed on grounds of forum non conveniens in 2006. Lisa, S.A. v. Gutierrez Mayorga, 441 F.Supp.2d 1233 (S.D.Fla.2006), aff'd, 240 Fed.Appx. 822 (11th Cir.2007). Related claims were also commenced by Lisa in Guatemala.
[2] Lisa, S.A. v. Gutierrez, 928 So.2d 1234 (Fla. 3d DCA 2006).