ROTHENBERG, J.
Thomas Kramer (“Kramer”) appeals from an order domesticating an adverse Swiss partial judgment in the amount of approximately $100 million. We affirm.
The facts underlying the instant litigation are set forth in Otto’s Heirs v. Kramer, 797 So.2d 594 (Fla. 3d DCA 2001). Under the applicable Florida statute, the Swiss partial judgment can be domesticated here if it is a “foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal.” § 55.603, Fla. Stat. (2004). A foreign judgment is defined simply as “any judgment of a foreign state granting or denying recovery of a sum of money.” Id. § 55.602(2).
In April 2000, the District Court of the Canton of Zurich, the Swiss trial-level court, entered the initial partial judgment. On January 9, 2003, after its own plenary review, the High Court of the Canton of *690 Zurich affirmed the judgment of the Zurich District Court, and entered the judgment that forms the basis for the instant appeal. Kramer’s nullity appeal to the Swiss Court of Cassation was rejected on November 17, 2003, and subsequently, a certificate of indefeasibility was attached to the January 9, 2003 partial judgment. The certificate of indefeasibility states that the Zurich High Court’s January 9, 2003 judgment is “rechtskráftig,” or final and conclusive, and capable of being enforced. Meanwhile, further proceedings were pending on another portion of the Swiss litigation, whereby an accounting was to be conducted, and eventually a second judgment for an additional amount was entered.
In the Florida trial court, after the judgment creditors came forward with a foreign judgment — which on its face awarded a monetary sum certain and stated that it was final, conclusive, and capable of enforcement in Switzerland — the burden shifted to Kramer to specify and prove a ground for non-recognition. § 55.604(2), Fla. Stat. (2004); Banque Libanaise Pour Le Commerce v. Khreich, 915 F.2d 1000, 1005 (5th Cir.1990); Kam-Tech Sys., Ltd. v. Yardeni, 340 N.J.Super. 414, 774 A.2d 644, 650 (2001); Dart v. Balaam, 953 S.W.2d 478, 480 (Tex.App.1997). Kramer sought to prove that the certificate of inde-feasibility was erroneously affixed to the Swiss judgment, and that in fact, the judgment is not enforceable in Switzerland.
Both sides presented experts who offered conflicting opinions on whether, as a matter of Swiss law, the January 9, 2003 partial judgment of the High Court of the Canton of Zurich is enforceable in Switzerland at this time. Kramer’s experts posited that despite the certificate of indefeasi-bility entered in the Cantonal system, the January 9, 2003 partial judgment was neither final nor enforceable in Switzerland. Under their analysis, the prevailing party cannot enforce the judgment in Switzerland until a final judgment disposes of the remaining claims between the parties.[1] Kramer argued that at that point, Swiss law affords him the right — should he choose to do so — to lodge a constitutional appeal with the Swiss Federal Supreme Court. Kramer argued that if he files such an appeal, the enforceability of the January 9, 2003 judgment will then be stayed pending resolution of the appeal, and therefore, it cannot be enforced at this time, either.
The Florida trial court considered the testimony and entered its judgment finding that the January 9, 2003 Swiss partial judgment is final, conclusive, and enforceable in Switzerland, and therefore, suitable for recognition and enforcement in Florida. This case presents a mixed question of fact and law. We do not disturb the trial court’s findings of fact because they are supported by competent substantial evidence. Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1139, 1143 (Fla. 4th DCA 2008). We review the trial court’s determinations of foreign law de novo. Transportes Aereos Nacionales, S.A. v. DeBrenes, 625 So.2d 4, 5 (Fla. 3d DCA 1993).
*691 On appeal, Kramer urges this Court to find that the trial court erred in recognizing the January 9, 2003 judgment, because Kramer’s right to pursue a future appeal renders the judgment currently unenforceable in Switzerland. In support of this argument, Kramer directs our attention to a recent order of the Swiss Federal Supreme Court relating to the litigation between the parties. In that proceeding, Kramer sought a temporary order enjoining the enforcement of the January 9, 2003 judgment. The Swiss Federal Supreme Court entered a four-page order denying Kramer’s request. The Swiss Federal Supreme Court noted that “in principle” Kramer could challenge the January 9, 2003 order along with a future decision of the Court of Cassation entered on the remaining claims. However, the Swiss Federal Supreme Court declined to declare whether such an appeal would be admissible, and critically, it declined to issue any order staying the enforcement of the January 9, 2003 order. The Swiss Federal Supreme Court also noted that Kramer’s future appeal will be governed by the new Swiss code, which, according to expert testimony, does not automatically impose a stay of enforceability upon the judgment on appeal.
Thus, after being presented with Kramer’s arguments, the highest court in Switzerland made two important rulings. First, the Swiss Federal Supreme Court stated that Kramer may or may not be able to challenge the January 9, 2003 order by way of a future appeal. Second, the same court refused to stay the enforceability of the January 9, 2003 order, or to clarify that it is not currently enforceable. Kramer argues that these rulings, along with the testimony below, establish that the trial court’s recognition of the foreign judgment was erroneous. We disagree.
The sole issue in this appeal is whether Kramer carried his burden to specifically establish grounds for the non-recognition of the January 9, 2003 judgment. Kramer, after pursuing this case through the entire court system in Switzerland, failed to establish that any stay of enforceability is in effect. Furthermore, Kramer failed to establish that he even has a definitive right to a future appeal. All that Kramer could establish is that the January 9, 2003 judgment — which is stamped as final, conclusive, and capable of enforcement, and to which the courts of Switzerland have unanimously refused to apply suspensive effect — might be subject to an appeal sometime in the future. In such a situation, Florida’s Uniform Out-of-country Foreign Money Judgment Recognition Act is instructive: “This act applies to any foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal.” § 55.603, Fla. Stat. (2004) (emphasis added). The order on appeal is affirmed in all respects.
Affirmed.
WELLS, J., concurs.

. The District Court of the Canton of Zurich entered a final judgment disposing of the remaining claims on March 23, 2005, and Kramer filed an appeal with the High Court of the Canton of Zurich. Under the pre-2007 Swiss federal statute governing appeals, the taking of the appeal resulted in an automatic stay of judgment. According to the expert testimony, the Swiss federal laws applicable to appeals have changed effective January 1, 2007. The changes include a modification of the procedure for obtaining a stay pending appeal, so that a stay pending appeal under the new code will no longer be automatic. The new code will apply to appeals initiated after January 1, 2007.