COPE, J.,
dissenting.
This is an appeal of an order which domesticates in Florida a Swiss partial final judgment in the amount of $108,315,766. Under Florida law, the Swiss judgment can be domesticated here if it is “final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal.” § 55.603, Fla. Stat. (2007). The sole issue on appeal is whether this Swiss judgment is enforceable in Switzerland.
I.
By way of background:
*692 In December, 1991, Siegfried Otto, a prominent and successful German businessman, entrusted some $145 million to his then son-in-law, Thomas Kramer. Kramer invested approximately $100 million thereof in various Florida business entities and real properties situated on Miami Beach. Under the parties’ agreement, Kramer was to make periodic payments to Otto. The deal soured and Otto commanded the immediate return of his money. The dispute resulted in a written agreement whereby Kramer would return $20 million to Otto immediately, and make continuing additional payments. The agreement contained a forum selection clause wherein the parties agreed to bring any suit against one another in the courts of Switzerland.
Thereafter, Kramer initiated in the Swiss courts that which we would consider a declaratory judgment, seeking a determination that Kramer had fulfilled all his obligations to Otto....
Otto then defended the Swiss action, wherein he also brought a counter-claim seeking recovery of his money. During the pendency of that action, Otto died and his hems at law were substituted as parties Plaintiff. Some four years later the Swiss court resoundingly concluded that the parties’ settlement agreement was valid and fully enforceable by Otto’s heirs. In that order, the Swiss court termed Kramer’s position as “dubious” “groundless” and “quite simply incom-prehensive”. Accordingly, the Swiss court entered a partial final judgment, determining the heirs were entitled, at that point, to some $90,834,469.16. Also, the Swiss court retained jurisdiction to supervise an accounting to determine what additional sums Kramer might owe the heirs. Kramer appealed the Swiss ruling and that judgment is presently stayed pending appeal.1
FNl. Under Swiss law, the filing of a notice of appeal and the posting of a cost bond, which in this case was approximately a half million dollars, is all that is required to stay the enforcement of a judgment. For this reason, the Swiss judgment may not be enforced under § 55.601 Fla. Stat. (2000), at this time. Otto’s heirs do not challenge the lack of a supersedeas bond on any basis and consequently, we do not reach that issue.
[[Image here]]
We are told by Kramer that applying the doctrine of comity, we must respect the Swiss court’s stay and take no action to enforce the judgment in the heirs’ favor. We entirely agree.
Otto’s Heirs v. Kramer, 797 So.2d 594, 595-97 (Fla. 3d DCA 2001).
The issue in the above quoted case was whether allowing a pure bill of discovery violated the Swiss court’s stay. Id. at 597. This court allowed the pure bill of discovery to proceed. Id.
As matters stood in 2001, then, a partial final judgment had been entered in the Swiss trial court, which is their District Court. Kramer had filed a notice of appeal and cost bond, which was sufficient to stay the enforcement of the partial final judgment. Id. at 596 n. 1.
II.
Under the Swiss system, there is a District Court (trial court), a Higher Court (equivalent to our court of appeal), a Court of Cassation (similar to the Florida Supreme Court), and the Swiss Federal Court, which would be similar to the United States Supreme Court. However, the Swiss Federal Court has a mandatory jurisdiction, that is, the court must review all appeals properly brought there.
Kramer appealed the 2000 partial final judgment to the Higher Court, which affirmed in 2003. He then pursued an appeal to the Court of Cassation. He lost that appeal in 2003 as well.
*693 At this stage of the proceedings, Kramer did not file an appeal with the Swiss Federal Court. Kramer’s analysis is that under the Swiss federal law, a partial final judgment is not immediately renewable in the Swiss Federal Court. Instead, Kramer states that under the applicable statute, a litigant must wait until there is a final judgment disposing of the entire case. When a final judgment is rendered, the litigant may appeal not only the final judgment, but any previously entered partial final judgment. There is a limited list of matters that can be the subject of an immediate appeal to the Swiss Federal Court, such as jurisdictional matters, but a partial final judgment is not among them.
The appellees, Verena von Mitschke-Collande and Claudia Miller-Otto (“the heirs”) argue the opposite. The heirs contend that there was a recently developing trend in the Swiss Federal Court not only to allow, but to require, that a partial final judgment be appealed immediately. The heirs’ position is that Kramer was obligated to pursue an appeal of the partial final judgment to the Swiss Federal Court and, having failed to do so, the partial final judgment became final.
After the time for taking a further appeal expired, the High Court Clerk issued a certificate of indefeasibility, which was attached to the High Court judgment. This would normally signify that the judgment is final and enforceable.
Controversy about the certificate ensued, and the Clerk issued a clarification stating that under the applicable statute (which is referred to as the OG)[2] the “legal force and enforceability is granted with the proviso of article 48 ... OG, according to which partial judgments for reasons of federal law as a rule are only final and absolute in conjunction with the final decision.” That clarification was issued in 2008, and issued again in 2004.
III.
Acting on the premise that the partial final judgment had become enforceable, the heirs pursued enforcement in England. The heirs contended that the partial final judgment was enforceable while Kramer contended that it was not. To determine enforceability, the British Court directed Kramer to transfer $100,000 to a specific bank account in Zurich, Switzerland. This was done in order to afford the heirs the opportunity to initiate enforcement proceedings in Switzerland, so that Swiss courts would authoritatively determine the issue of enforceability. The heirs declined to proceed in Switzerland and the British court permanently stayed the proceedings in England.
Meanwhile, litigation proceeded between the heirs and Kramer in the Swiss District Court. In 2005, the District Court entered a final judgment on the remaining amount of damages, thus concluding the entire case. Kramer appealed that judgment to the Swiss High Court and the appeal is pending there.
IY.
In 2004, the hems initiated the instant action which seeks to domesticate the Swiss partial final judgment in Florida. As was true of the proceedings in England, the entire issue here is whether the partial final judgment is currently enforceable within Switzerland. The trial court conducted an evidentiary hearing in March *694 2007. Both sides presented experts on Swiss law. Both sides’ experts have substantial credentials. The trial court relied on the certificate of indefeasibility as indicating that the partial final judgment was immediately enforceable. The court then entered final judgment in favor of the heirs, and Kramer has appealed.
V.
I am sympathetic to the position of the heirs, who hold a large, unsatisfied judgment with appellate proceedings pending but no bond posted. Our task, however, is a narrow one. We are to determine whether the Swiss partial final judgment is enforceable in Switzerland, and thus entitled to enforcement in Florida. See § 55.608, Fla. Stat. (2007). Based on the existing record and a recent decision of the Swiss Federal Court, the conclusion is inescapable that the partial final judgment is not presently enforceable. We are therefore obligated to reverse the judgment.
At the trial the heirs presented the expert testimony of Dr. Barbara Graham-Siegenthaler, a law professor. Dr. Graham-Siegenthaler acknowledged that an authoritative treatise on Swiss law (Frank, Strauli & Messmer) stated that partial judgments of the higher cantonal courts do not acquire formal res judicata effect before the expiration of the time limits for the filing of an appeal against the final judgment to the Federal Supreme Court. The expert acknowledged that the treatise so stated, but also pointed out that the treatise explained that this view had been strongly criticized.
The expert said that in her view there was a distinction to be drawn between a partial final judgment awarding money damages, on the one hand, and interlocutory decisions on procedural matters, on the other. The expert stated that the law regarding the appealability of partial judgments had been undergoing change. She explained that some exceptions had been recognized as early as 1978, and that in 2004 the Federal Court had ruled that an international arbitral matter was appeal-able whether in the form of a partial or complete judgment. The expert also cited a 2004 ruling allowing appealability of a partial judgment in a probate case. Dr. Graham-Siegenthaler opined that as a result of those decisions, the Swiss Federal Court’s interpretation of the law had changed. She said that the partial final judgment was one which must be immediately appealed to the Swiss Federal Court and, since that was not done, the partial judgment had become final and enforceable.
The heirs also presented the testimony of Professor Karl Spiihler, who had previously been a member of the Swiss Federal Court. Dr. Spühler’s opinion was to the same effect.
Kramer presented as an expert Dr. Balz Gross, who represented Kramer in the Swiss proceedings. Kramer also presented Dr. Nicolas von Werdt, an attorney and part-time judge with the Swiss Federal Court. To make a long story short, both opined that the partial final judgment was (with narrow exceptions) not subject to an immediate appeal, has not become final, and is not enforceable in Switzerland.
What divided the experts was the question whether there had been a recent change in the rulings of the Swiss Federal Court on when a partial final judgment had to be appealed. Both sides agreed that under the traditional view, a partial final judgment was not immediately ap-pealable (except on narrow grounds, see below) and a plenary appeal could not be taken except in conjunction with the appeal of the final judgment in the case.
Where the two sides differed was over the question whether Swiss Federal law had recently changed, such that a partial *695 final judgment for money damages not only could be, but had to be, appealed immediately. The heirs’ experts contended that the international arbitration case had changed the rules regarding the immediate appealability of a partial final judgment. Kramer’s experts opined that no such change had occurred.
While this Florida appeal was pending, the Swiss Federal Court issued an opinion (in a proceeding filed by Kramer) which answers the question. The rules have not changed. The partial final judgment was not immediately appealable.
This opinion was issued because Kramer filed a petition in the Swiss Federal Court, attempting to have that court take jurisdiction of the entire Swiss dispute. He requested entry of an order which would stay execution of both Swiss judgments, the earlier partial final judgment and the 2005 final judgment. The Swiss Federal Court issued a written opinion denying relief on the ground of lack of jurisdiction.[3]
In its opinion, the Swiss Federal Court addressed the applicable Swiss jurisdictional principles. The Court said that the heirs’ partial final judgment “is not a final decision within the meaning of Art. 87 OG. On the contrary, it is a decision that adjudicated only a part of the claims being asserted, and is thus a partial judgment[.]” Bundesgericht [BGer] [Federal Court] June 13, 2007, para. 3.2.
Important for our purposes, the Court explained, “Interim decisions can only be appealed independently in exceptional cases, where they relate to a question of jurisdiction or a request for recusal or where they could result in an irreparable disadvantage.” Id. (emphasis added). Otherwise an interim decision can only be appealed in conjunction with the appeal of the final decision in the case.[4]
The significance of the Swiss Federal Court’s opinion is in its language (quoted above) addressing what interim decisions can be independently appealed. The opinion confirms what Kramer’s experts said in the trial court here in Florida. It completely undercuts the heirs’ experts’ opinions that recent Swiss Federal Court decisions had changed the rules so as to require an immediate appeal of a partial final judgment.
In light of the Swiss Federal Court’s ruling, it is clear that the Swiss partial final judgment is not enforceable in Switzerland at this time. It is therefore necessary to reverse the judgment now before us.

. OG is an abbreviation for the Federal Law on the Organization of the Judicial System. This governed the Federal Supreme Court's jurisdiction until December 31, 2006.
A new law, the Swiss Federal Law on the Supreme Court (referred to as the BGG) went into effect January 1, 2007. It does not apply retroactively.

. The jurisdictional problem was that Kramer’s appeal of the final judgment was pending in the Swiss High Court and had not yet reached the Swiss Federal Court. That being so, the Swiss Federal Court concluded that it had no power to take jurisdiction of Kramer's petition, and on that basis denied Kramer’s request for extraordinary relief.

. The Swiss Federal Court also left open the question of how to interpret the interrelationship of the new appellate law, the BGG, which would govern the appeal from the final judgment, and the previous appellate law, the OG, which would apply to the partial final judgment.